■ WILLIAM FIORE et al., Respondents-Appellants, v MCT CONSTRUCTION CORP., Defendant and Third- and Fourth-Party Plaintiff-Appellant-Respondent; MELVILLE INDUSTRIAL ASSOCIATES, Defendant and Fourth-Party Plaintiff-Appellant; NORTH SHORE IRON WORKS, Defendant and Third-Party Plaintiff-Respondent, and OXHANDLER STRUCTURAL ENTERPRISES, INC., Defendant and Third-Party Plaintiff and Third-Party Defendant-Respondent-Appellant. JOHN A. GRAMMAS, Fourth-Party Defendant-Respondent; UNION ERECTION CORP., Third-Party Defendant-Respondent. (And Additional Titles.)— In an action sounding in negligence and violation of the Labor Law to recover damages for personal injuries, etc., MCT Construction Corp. and Melville Industrial Associates (hereinafter MCT and Melville) appeal (1) from a judgment of the Supreme Court, Nassau County (Balletta, J.), dated February 23, 1984, which, upon a jury verdict finding them 70% at fault in the happening of the accident, is in favor of the plaintiffs and against them in the principal sum of $382,325.44, and (2)

as limited by their brief, from so much of an earlier order of the same court (Burstein, J.), dated July 19, 1983, as granted the motion of fourth-party defendant John A. Grammas for summary judgment dismissing their fourth-party action and all cross claims against him. Plaintiffs cross-appeal from so much of the judgment as is entered upon the trial court's ruling denying their motion for judgment during trial against MCT and Melville on their cause of action to recover under Labor Law § 240. Defendant and third-party plaintiff Oxhandler Structural Enterprises, Inc., cross-appeals from the judgment "solely as a protective appeal".

Cross appeal of Oxhandler Structural Enterprises, Inc. dismissed, without costs or disbursements, on the ground that it is not aggrieved by the judgment dated February 23, 1984 (CPLR 5511).

Judgment dated February 23, 1984 affirmed and order dated July 19, 1983 affirmed, insofar as appealed from, without costs or disbursements.

Special Term was correct in granting the motion of the fourth-party defendant Grammas for summary judgment since the opposition papers of the fourth-party plaintiffs MCT and Melville, consisting solely of an attorney's affidavit, were inadequate to withstand such a motion. Neither did the trial court err in refusing to permit MCT and Melville to call a certain alleged eyewitness to testify at trial, where they had failed to give notice of that witness despite a court rule to that effect, and could not explain their failure to do so, despite the claim of surprise by the parties most affected. We have considered the other contentions raised by MCT and Melville and find them to be without merit.

Plaintiffs were not entitled to judgment during trial as a matter of law under Labor Law § 240 (1) because plaintiff William Fiore was injured in a fall while walking up a stairway, and not while working on an unsafe scaffolding or other similar structure, as is contemplated by that statute. Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.