■ CLARK A. BARNES et al., Appellants, v PARK CONGREGATIONAL CHURCH et al., Respondents.—Kane, J. P. Appeal from that part of an order of the Supreme Court (Swartwood, J.), entered April 15, 1988 in Chemung County, which partially granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Clark A. Barnes (hereinafter plaintiff) and his wife commenced this action against defendants seeking to recover damages for personal injuries plaintiff sustained while completing work on the replacement of a roof at defendant Park Church. The suit was based on allegations of common-law negligence and violations of Labor Law §§ 200, 240 and 241 (6). After answering, defendants moved for summary judgment dismissing the complaint. Plaintiffs cross-moved for summary judgment on the causes of action alleging a violation of Labor Law § 240. Supreme Court granted defendants' motion for summary judgment with respect to the causes of action alleging violations of Labor Law § 240 (1) and denied plaintiffs' cross motion. The court ruled that there were questions of fact on the causes of action based on common-law negligence and violations of Labor Law §§ 200 and 241 (6). Only plaintiffs have appealed.

The facts, insofar as pertinent to this appeal, are as follows. Plaintiff had been hired to finish the trim work and to seal the joints of the church's new roof with compound. When he

arrived along with a co-worker to perform the job, they were directed up an internal stairway to an attic located directly beneath the roof. Four steps lead to a hatch to provide access to the roof. Immediately adjacent to the hatch was a low-hanging beam which was directly above the first step leading through the hatch. To get to the roof, it was necessary to go up the four steps to the hatch. Apparently, the area was not well lit. During the course of performing the work, plaintiff took several trips up and down the stairs from the attic through the hatch. It was on one of these trips, while plaintiff was returning to the roof, that he allegedly hit his head on the beam and was rendered unconscious.

Labor Law § 240 (1) requires the furnishing of "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices". The statute imposes absolute liability on an owner or contractor who fails to provide or erect the enumerated safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure (*Bland v Manocherian,* 66 NY2d 452, 459). However, the worker must have been engaged in one of the enumerated activities in order to come within the class for whose benefit the statute was enacted (*Dougherty v State of New York,* 113 AD2d 983, 985). As this court has previously stated, the statute imposes "the duty to provide safety equipment to protect workers from hazards related to elevating themselves or their materials at the work site" (*Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313, 316).

Here, plaintiffs argue that because plaintiff was in the process of "elevating" himself and his materials as he began to walk up the stairs to the hatch, he was engaged in the type of activity protected by Labor Law § 240 (1). We disagree. As defendants point out, the logical methods of preventing the accident do not implicate any of the enumerated devices of the statute. For instance, if the beam was a hazard, it could have been painted or padded, better lighting could have been provided or warnings could have been posted. None of these measures implicate the statute.

Further support for our conclusion is found in *Ryan v Morse Diesel* (98 AD2d 615). In that case, the worker was injured when he fell on an interior stairway. As the First Department aptly noted: "under no construction can this permanently installed stairway, used by the plaintiff as a place of passage, be deemed to be [one of the enumerated devices]. The stairway was not a tool used in the performance of the plaintiff's work.

It was a passageway from one place of work to another. The distinction is critical. An accident arising on such a passageway does not lie within the purview of [Labor Law § 240 (1)] * * *. The appropriate statute is [Labor Law § 241 (6)]" *(supra,* at 616). Similarly, here the injury was caused by plaintiff hitting his head on a low-hanging beam and not by a failure to provide a Labor Law § 240 (1) device.

Furthermore, Supreme Court let the causes of action based on Labor Law §§ 200 and 241 (6) stand. Those statutory sections govern cases such as this where the accident was allegedly due to inadequate lighting, failure to warn, or to pad or paint the beam *(see, Long v Forest-Fehlhaber,* 55 NY2d 154; *Ryan v Morse Diesel, supra,* at 615). The circumstances of plaintiff's injury do not fall within the scope of Labor Law § 240 (1) and, therefore, Supreme Court properly granted summary judgment to defendants on the causes of action alleging such a violation.

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.