■ DUANE WESCOTT et al., Appellants, v WILLIAM W. SHEAR, JR., et al., Doing Business as SHEAR DIVERSIFICATIONS, Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court (Fischer, J.), entered June 6, 1989 in Broome County, which denied plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiff Duane Wescott (hereinafter plaintiff) was employed as a laborer for a subcontractor engaged to do masonry work in a subdivision in the Town of Owego, Tioga County. He suffered injuries when he fell from a stairway which was temporarily installed to permit access to and from the upper levels of the house under construction. One of the planks on the temporary stairway became loose from its attachment and caused plaintiff to fall to the lower level. Plaintiff and his wife commenced this action alleging negligence and violations of Labor Law §§ 200, 240 and 241. After defendants, the owners and general contractors of the project, answered, plaintiffs moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Supreme Court denied the motion and this appeal followed.

Labor Law § 240 (1) requires owners and contractors, with an exception not here applicable, to furnish "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices" so as to provide "proper protection" to workers involved in constructing a building. Absolute liability is imposed on a defendant who violates the statute (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 522). The question in this case is whether the temporary stairway constitutes a device within the ambit of Labor Law § 240 (1) so as to invoke the stricture of the statute. We conclude that it is. This temporary stairway was being used for access to and from the upper levels of the house under construction. Indeed, plaintiff was injured while carrying supplies on the temporary stairway. To this extent, the temporary stairway was the functional equivalent of a ladder. Under such circumstances, the temporary stairway comfortably falls within the designation of "other devices" as used in the statute.

That the stairway was temporary distinguishes this case from our recent decision in *Barnes v Park Cong. Church* (145 AD2d 889, *appeal dismissed* 74 NY2d 650), in which we held that an accident occurring on a permanent passageway from one place of work to another was not actionable under Labor Law § 240 (1). Further, the injury in *Barnes* was occasioned by a low hanging beam which does not fall within the parameters of Labor Law § 240 (1), whereas here the injury was caused by a temporary stairway which we conclude is included within the statute's designation of "other devices". Since the proof establishes as a matter of law that the temporary stairway was not installed so as to give plaintiff proper protection which was the proximate cause of his injuries, plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) should have been granted.

Order reversed, on the law, with costs, motion granted and plaintiffs are awarded partial summary judgment on the issue of liability under Labor Law § 240 (1). Mahoney, P. J., Casey and Levine, JJ., concur.

Weiss and Harvey, JJ., dissent and vote to modify in a memorandum by Harvey, J. Harvey, J. (dissenting). We respectfully dissent.

In our view, the stairway upon which plaintiff fell cannot be deemed to be one of the devices enumerated in Labor Law § 240 (1) and was not a tool used in the performance of plaintiff's work *(see, Ryan v Morse Diesel,* 98 AD2d 615). Instead, it was a passageway from one place of work to another, and an accident arising on such a passageway does not lie within the purview of Labor Law § 240 (1) *(see, supra,* at 615-616; *see also, Barnes v Park Cong. Church,* 145 AD2d 889, 890-891, *appeal dismissed* 74 NY2d 650; *cf., Fiore v MCT Constr. Corp.,* 112 AD2d 265). Although the majority make much of the fact that the stairway in question was a temporary and removable one instead of one permanently installed, we believe no distinction should be made. Whether temporary or permanent, the subject stairway was actually being used as a passageway and was not, as argued by plaintiffs, functionally identical to a ladder *(cf., McGurk v Turner Constr. Co.,* 127 AD2d 526, 529).

Accordingly, we would find, based on the undisputed facts, that plaintiffs are not entitled to relief pursuant to Labor Law § 240 (1) as a matter of law and that this cause of action must be dismissed. This result would not have deprived plaintiffs of all avenues of potential recovery since the other causes of

action in the complaint alleging negligence and violations of Labor Law §§ 241 and 241-a would still stand.