■ GREGORY CLIQUENNOI et al., Respondents, v MICHAELS GROUP, Appellant. (And a Third-Party Action.)—Casey, J. Appeal from an order of the Supreme Court (Best, J.), entered May 7, 1991 in Fulton County, which, *inter alia,* granted plaintiffs' cross motion for partial summary judgment.

Plaintiff Gregory Cliquennoi (hereinafter Cliquennoi) was employed by third-party defendant, C-R Drywall Inc., as an insulation installer in a development consisting of 20 buildings, each of which contained three to four dwellings, which was being constructed by defendant. The dwellings were similar to townhouses and each had two stories. Cliquennoi went

to the dwelling next door to the one in which he had been working and carried a 50-pound bag of insulation from the lower level to the upper level of that dwelling. The upper and lower levels of the dwelling were connected by a staircase. The staircase led from the first floor to a landing and from the landing to the second level. A 2 by 4-inch board was nailed to the floor along the edge of the landing. After Cliquennoi had placed his bag of insulation on the upper level and as he was descending from the upper to the lower level, he tripped over the board and fell about 15 feet to the cement floor below, sustaining personal injuries.

In the complaint, Cliquennoi alleges a violation of Labor Law § 240 (1), as well as violations of Labor Law §§ 200 and 241 (6). After issue was joined, defendant moved to dismiss Cliquennoi's cause of action that alleged a violation of Labor Law § 240 (1) and the derivative action of Cliquennoi's wife in its entirety. Plaintiffs cross-moved for partial summary judgment under Labor Law §§ 200, 240 (1); § 241 (6) and 12 NYCRR 23-2.7 (e). Supreme Court granted the cross motion for partial summary judgment under Labor Law § 240 (1) and denied defendant's motion, resulting in this appeal by defendant.

Supreme Court based its denial of defendant's motion with respect to Labor Law § 240 (1) on the case of *Wescott v Shear* (161 AD2d 925, 926, *appeal dismissed* 76 NY2d 846), in which this court held that a "temporary staircase" which provided access between floors of a structure under construction was the functional equivalent of a ladder and, therefore, fell within the designation of "other devices" as used in Labor Law § 240 (1). However, in *Wescott* we explained that the temporary nature of the stairway distinguished that case from those involving a permanent passageway from one place of work to another, something which cannot be considered a tool of a plaintiff's work and therefore does not fall within the provisions of Labor Law § 240 (1) *(Wescott v Shear, supra,* at 926; *see, Barnes v Park Cong. Church,* 145 AD2d 889, *lv dismissed* 74 NY2d 650; *Ryan v Morse Diesel,* 98 AD2d 615, 616).

The stairway at issue here was permanent in nature. It lacked a railing, contained a landing and required only finishing touches to be complete. The permanent nature of the staircase precludes its consideration as the functional equivalent of a ladder *(cf., Wescott v Shear, supra)* or as a tool of Cliquennoi's work *(see, Barnes v Park Cong. Church, supra; Ryan v Morse Diesel, supra).* Accordingly, Supreme Court

erred in granting partial summary judgment to Cliquennoi on his cause of action under Labor Law § 240 (1) and should have granted defendant summary judgment on that cause of action.

As to the derivative cause of action of Cliquennoi's wife, it is undisputed that the parties were living together at the time of Cliquennoi's accident but were not married. The derivative action, therefore, has no viability and Supreme Court also erred in failing to dismiss it (see, Anderson v Lilly & Co, 79 NY2d 797; Lesocovich v 180 Madison Ave. Corp., 165 AD2d 963, lv denied 77 NY2d 804).

In conclusion, the order appealed from should be modified by granting defendant's motion for partial summary judgment in its entirety and denying plaintiffs' cross motion.

Mahoney, P. J., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiffs' cross motion for partial summary judgment on the Labor Law § 240 (1) cause of action and denied defendant's motion for partial summary judgment; cross motion denied, motion granted, and plaintiff Gregory Cliquennoi's Labor Law § 240 (1) cause of action and plaintiff Elizabeth A. Cliquennoi's derivative cause of action are dismissed; and, as so modified, affirmed.