■ ROBERT PENNACCHIO et al., Appellants, v TEDNICK CORPORATION, Defendant and Third-Party Plaintiff-Respondent. KEN J. ADAMYK CONSTRUCTION, Third-Party Defendant-Respondent. [606 NYS2d 448] —Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered October 6, 1992 in Ulster County, which, *inter alia,* granted third-party defendant's cross motion for summary judgment dismissing plaintiffs' third cause of action.

Plaintiff Robert Pennacchio (hereinafter plaintiff) was employed as an electrician by subcontractor Bragg Electrical Service and working in Building No. 5 at a job site known as Point Rondout Condominiums in the Town of Connelly, Ulster County. He was injured when a stairway that he was walking on, located between the first and second floors, collapsed. Plaintiff and his wife commenced this action against Tednick Corporation, the general contractor for the project, alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241. Tednick commenced a third-party action against Ken J. Adamyk Construction (hereinafter Adamyk), the subcontractor that installed the stairway. Plaintiffs moved and Adamyk cross-moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Supreme Court granted the cross motion and dismissed plaintiffs' third cause of action on the ground that plaintiff was not engaged in the type of activity protected by Labor Law § 240 (1). Plaintiffs appeal.

There must be an affirmance. Contrary to plaintiffs' argument, nothing in the record suggests that the stairway in question was temporary and, as such, a device within the ambit of Labor Law § 240 (1). In fact, Ken J. Adamyk testified that he installed the stairway at issue and its placement was in accordance with the blueprints given to him by Tednick. He stated that he placed two or three nails at the top and bottom of the stairs and six to eight nails in each side. An important distinction must be made between a stairway that is temporary for the purposes of Labor Law § 240 (1) (see, Wescott v Shear, 161 AD2d 925) and one that is permanent but nonetheless defective (see, Cliquennoi v Michaels Group, 178 AD2d 839). The permanent nature of the stairway at issue here precludes its consideration as the functional equivalent of a ladder (see, supra, at 840; cf., Wescott v Shear, supra) or as a tool of plaintiff's work (see, Barnes v Park Cong. Church, 145 AD2d 889, 890-891, lv dismissed 74 NY2d 650; Ryan v Morse Diesel, 98 AD2d 615, 616).

It is not necessary for us to consider Adamyk's other argument that plaintiff did not have any work-related activities on the second floor and, therefore, this permanently installed stairway did not connect "one place of work to another" (Ryan v Morse Diesel, supra, at 616).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.