OPINION OF THE COURT
Walter B. Tolub, J.
Third-party defendant Westinghouse Elevator Co. (Westinghouse) moves for an order granting partial summary judgment dismissing plaintiff’s cause of action under Labor Law § 240 (1). Defendants HRH Construction Corp. and New York Com *691 munications Center Associates cross-move for the same relief. The plaintiff cross-moves for partial summary judgment on his claim for liability under Labor Law § 240 (1). The motions are consolidated for the purpose of this decision.
This is an action for personal injuries allegedly sustained by the plaintiff on May 22, 1989. At the time of the accident the plaintiff was employed as an elevator mechanic helper by Westinghouse. Specifically, the plaintiff was assigned to install an escalator in the Odeon Theatre of the Worldwide Plaza, a building under construction on 49th Street and Eighth Avenue in Manhattan. The plaintiff was injured when he slipped on an axle as he was walking from the unfinished escalator. The plaintiff claims that the stairway he would have used was blocked by a scaffold and that he was instructed to use the unfinished escalator to walk down. When he was halfway down, he slipped on an axle which spun causing him to lose his balance. His left leg fell off the axle and was caught between the trussel of the escalator and the axle causing injury to his left knee.
The plaintiff claims that he is entitled to summary judgment, as the cause of his accident was directly related to a violation of Labor Law § 240 (1). The defendants argue that section 240 (1) is inapplicable since plaintiff’s injuries were not due to an elevation related hazard.
Labor Law § 240 (1) requires all owners, contractors and their agents who are involved in the erection, demolition, repairing, altering, painting, clearing or painting of a building to erect proper scaffolding, hoists, stays, ladders, etc. The purpose of the statute is to protect workers and to impose the responsibility for safety practices on those best situated to bear that responsibility (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494; Zimner v Chemung County Performing Arts, 65 NY2d 513). The duty imposed under section 240 (1) is nondelegable and the owner or contractor who breaches that duty may be held liable regardless of whether the owner or contractor has actually exercised supervision or control over their work (Ross v Curtis-Palmer Hydro-Elec. Co., supra, at 500).
In Rocovich v Consolidated Edison Co. (78 NY2d 509, 514) the Court of Appeals held that Labor Law § 240 (1) was only applicable in situations "where there are risks related to elevation differentials.” Subsequently in Ross (supra) the Court embellished upon its holding in Rocovich and held that "The 'special hazards’ to which we referred in Rocovich, *692 however, do not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, the 'special hazards’ referred to are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (see, DeHaen v Rockwood Sprinkler Co., 258 NY 350). In other words, Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person. The right of recovery afforded by the statute does not extend to other types of harm, even if the harm in question was caused by an inadequate, malfunctioning or defectively designed scaffold, stay or hoist.” (81 NY2d, at 501, supra.)
Here, the plaintiff claims that his accident was related to a hazard caused by a differential in elevation and therefore section 240 (1) should be applied. The court does not concur. The plaintiff slipped and fell on an escalator under construction. There has been no relationship shown between the occurrence of the accident and a hazard caused by elevation differentials. The fact that the plaintiff happened to be walking down an unfinished escalator does not create an elevation related hazard. Nor for that matter does the fact that a nearby stairway was blocked transform this action into a section 240 (1) case. Indeed, such a leap in logic has no sound basis. While plaintiff may have been told by his superiors to use the escalator, this does not create a situation in which section 240 (1) is applicable.
The First Department’s recent decision in Foufana v City of New York (211 AD2d 550) does not create a different result in this action. In Foufana the plaintiff was injured when he fell on a staircase, unearthed during excavation at the construction site, used by workers to gain access to the street from the bottom of a 14-foot-deep excavation. The Appellate Division found that the staircase was not a "permanent” structure, but was a "tool” used by the workers and was the "functional equivalent of the other devices used in connection with elevation differentials and covered by Labor Law § 240 (1).” (Supra, at 550.) The Court’s rationale was that because the staircase was found by accident and was not demolished by the contractor but was instead to be utilized by workers until completion *693 of the project, it was a temporary structure used only for excavation. Its purpose, reasoned the Court, was akin to that of a ladder.
In the case at bar no such temporary structure exists. While the escalator upon which the accident occurred was under construction, it cannot be said that it was a temporary structure whose only purpose was to aid in the construction of the premises. It was not the functional equivalent of "other devices” as that term is used for purposes of Labor Law § 240 (1). Indeed the appellate courts in this State have consistently held that a fall upon a permanently installed stairway does not fall under Labor Law § 240 (1) even if the stairway is not yet completed (Monroe v New York State Elec. & Gas Corp., 186 AD2d 1019 [4th Dept] [slip and fall on metal exterior staircase located between two buildings under construction does not fall under Labor Law § 240 (1)]; Cliquennoi v Michaels Group, 178 AD2d 839 [3d Dept] [permanent staircase not a "tool” under Labor Law]; Fiore v MCT Constr. Corp., 112 AD2d 265 [2d Dept]; Ryan v Morse Diesel, 98 AD2d 615 [1st Dept] [fall on unfinished permanent staircase not covered under Labor Law § 240 (1)]). While not exactly a staircase, the escalator was a permanent structure which is somewhat akin to a stairway. Moreover, the plaintiff has failed to establish that the accident was related to an elevation hazard.
In order to come within the scope of section 240 (1) the plaintiff must prove that the accident which caused his injury directly flowed from the application of the force of gravity to an object or person (Rocovich v Consolidated Edison Co., supra). It is not enough that the accident be connected in some tangential way to the effects of gravity, it must be demonstrated that the hazard contemplated is directly related to such specific gravity related accidents as falling from a height or being struck by a falling object improperly hoisted or secured (Kelleher v Power Auth., 211 AD2d 918). The plaintiff’s accident is simply not contemplated within the purview of Labor Law § 240 (1).
Accordingly the third-party defendant Westinghouse’s motion and defendant HRH Construction Corp. and New York Communications Center Associates’ cross motion for summary judgment are granted and the plaintiff’s claim which alleges a violation of Labor Law § 240 (1) is dismissed. The plaintiff’s cross motion is denied.