■ JAMES DOMBROWSKI, Respondent, v JEFFREY SCHWARTZ et al., Appellants. [629 NYS2d 924] —Order unanimously reversed on the law without costs, motion denied and cross motion granted. Memorandum: Plaintiff was employed as a drywall finisher for a subcontractor engaged to do drywall work at a home defendants were constructing. Defendants acted as the general contractor and performed some labor in connection with the construction of their home. Defendant Jeffrey Schwartz built the stairway that led from the garage to the basement pursuant to the architect's approved blueprints. The stairway was placed in its permanent location but was not secured or anchored in place. Plaintiff sustained injuries when he attempted to use the stairway and it collapsed, causing him to fall approximately 10 feet to the basement floor. Plaintiff commenced this action alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). After defendants interposed their answer and discovery was conducted, plaintiff moved for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. Defendants cross-moved for partial summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action. Supreme Court granted plaintiff's motion and denied defendants' cross motion.

We reverse, deny plaintiff's motion and grant defendants' cross motion. Labor Law § 240 (1) is not applicable. The record establishes that the stairway was permanent and not temporary in nature, thereby precluding consideration of it either as the functional equivalent of a ladder or other statutorily enumerated safety device or as a tool used in the performance of plaintiff's work (see, Pennacchio v Tednick Corp., 200 AD2d 809, 810; Monroe v New York State Elec. & Gas Corp., 186 AD2d 1019; Cliquennoi v Michaels Group, 178 AD2d 839, 840; Fiore v MCT Constr. Corp., 112 AD2d 265; Ryan v Morse Diesel, 98 AD2d 615, 616; cf., Wescott v Shear, 161 AD2d 925, 926, appeal dismissed 76 NY2d 846). "An important distinction must be made between a stairway that is temporary for the purposes of Labor Law § 240 (1) * * * and one that is permanent but nonetheless defective" (Pennacchio v Tednick Corp., supra, at 810). Therefore, the Labor Law § 240 (1) cause of action should have been dismissed.

Labor Law § 241 (6) requires owners and contractors to "provide reasonable and adequate protection and safety" for workers and to comply with specific safety rules and regula-

tions promulgated by the Commissioner of the Department of Labor. "To make out a prima facie cause of action pursuant to Labor Law § 241 (6), plaintiff[ ] must allege that defendants violated a rule or regulation of the Commissioner of Labor that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles" *(Adams v Glass Fab,* 212 AD2d 972, 973; *see, Ross v Curtis-Palmer Hydro-Elec. Corp.,* 81 NY2d 494, 502-504). Certain regulations alleged to have been violated by defendants are not sufficiently specific to support a Labor Law § 241 (6) cause of action, i.e., sections 23-1.4 (b) (13) and 23-1.5 (a) of the Industrial Code (12 NYCRR). Additionally, plaintiff alleges that defendants violated 9 NYCRR part 713. That regulation was not promulgated by the Commissioner of the Department of Labor and, therefore, may not support a Labor Law § 241 (6) cause of action. Lastly, the remaining regulations that plaintiff relies on have no application to the facts of this case. Thus, the Labor Law § 241 (6) cause of action should also have been dismissed. (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Labor Law.) Present— Green, J. P., Pine, Fallon, Callahan and Davis, JJ.