■ DANIEL N. WILLIAMS et al., Appellants, v CITY OF ALBANY et al., Defendants, and BENNETT CONTRACTING, INC., Defendant and Third-Party Plaintiff-Respondent. ROBERT YOUNG, JR., et al., Third-Party Defendants-Respondents. [666 NYS2d 800] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Graffeo, J.), entered November 1, 1996 in Albany County, which, *inter alia*, granted a motion by defendant Bennett Contracting, Inc. for partial summary judgment dismissing plaintiffs' Labor Law § 240 (1) cause of action.

Plaintiff Daniel N. Williams (hereinafter plaintiff), a laborer employed by third-party defendant Herbert Hughes Construction Company, Inc., was injured when he fell from a stairway in a building that was being renovated and converted from a three-family dwelling into a two-family residence. The stairway, which was attached to a foundation wall on one side, had originally provided passage between the basement and the first floor, and was still being used by the workers for that purpose, though it was scheduled for eventual demolition as part of the construction project. When the accident occurred, the basement floor had been excavated, and one or more of the lowest steps had been removed, leaving the bottom of the stairway approximately 24 to 40 inches above the ground. On the side opposite the wall, the stairs were supported by a two-by-four piece of lumber, one end of which had been nailed to the stringer, near the bottom step, with the other end resting on the ground. A cinder block placed at the base of the stairway furnished a means of reaching the first step.

As plaintiff attempted to climb the stairs, carrying two heavy buckets and other tools, the stairway partially collapsed and tilted, causing him to fall and sustain an injury to his knee. Plaintiff and his wife, derivatively, commenced this action charging defendants—the alleged owners of the property and the general contractor—with negligence and breach of Labor Law §§ 200, 240 (1), and § 241 (6). Following joinder of issue, the general contractor, defendant Bennett Contracting, Inc., moved for summary judgment dismissing the Labor Law § 240 (1) cause of action, and plaintiffs cross-moved for partial sum-

mary judgment on that claim. Supreme Court granted Bennett's motion and denied plaintiffs' cross motion, prompting this appeal.

In a well-reasoned decision, Supreme Court concluded that the accident was not one to which Labor Law § 240 (1) applies. As that court noted, it has repeatedly been held that a stairway which is, or is intended to be, permanent—even one that has not yet been anchored or secured in its designated location (*see, Dombrowski v Schwartz*, 217 AD2d 914), or completely constructed (*see, Ryan v Morse Diesel*, 98 AD2d 615, 615-616)— cannot "be considered the functional equivalent of a ladder or other 'device' as contemplated by section 240 (1)" (*see, Cliquennoi v Michaels Group*, 178 AD2d 839, 840). Such a structure functions as a permanent passageway between two parts of the building, not as a "tool" or "device" that is employed for the express purpose of gaining access to an elevated worksite (*compare, Wescott v Shear*, 161 AD2d 925, *appeal dismissed* 76 NY2d 846).

The situation presented in *Foufana v City of New York* (211 AD2d 550) is distinguishable. There, the structure housing the stairway was nonexistent, and the stairway no longer continued to serve its original function—namely, that of providing a passageway between two levels of a structure. Inasmuch as the intended "life" of that stairway as a permanent structure had come to an end, the rationale guiding the disposition of that case is inapposite where, as here, the staircase was, at the time of the accident, being used for the precise purpose for which it had been permanently installed. Under these circumstances, neither the fact that the staircase had been "altered" somewhat from its initial condition, nor its imminent demolition, warrants treating it as a "temporary" structure used only to afford workers access to a worksite (*compare, Foufana v City of New York, supra*).

Casey and Spain, JJ., concur.

Mikoll, J. P. (dissenting). We respectfully dissent.

In concluding that the staircase in question here was not a "device" within the meaning of Labor Law § 240 (1), Supreme Court relied principally upon *Dombrowski v Schwartz* (217 AD2d 914), *Pennacchio v Tednick Corp.* (200 AD2d 809), *Cliquennoi v Michaels Group* (178 AD2d 839) and *Ryan v Morse Diesel* (98 AD2d 615). Those cases, however, involved newly constructed, permanent stairways which were either unfinished or defectively installed. In *Pennacchio v Tednick Corp.* (*supra*, at 810), we observed that "[a]n important distinction must be made between a stairway that is temporary for the purposes of

Labor Law Section 240 (1) [citing *Wescott v Shear*, 161 AD2d 925, *appeal dismissed* 76 NY2d 846] and one that is permanent but nonetheless defective". In *Wescott v Shear* (*supra*, at 925), we held that a temporary staircase constituted a device within the ambit of Labor Law § 240 (1), noting that it was being used for access to and from the upper levels of the building under construction.

The majority, in adopting Supreme Court's holding and reasoning, ignore salient facts which distinguish the staircase at issue herein from the permanent but defective staircases at issue in the cited cases, and which render it "temporary" for purposes of Labor Law § 240 (1). The building in which plaintiff Daniel N. Williams (hereinafter plaintiff) was working was the subject of an "interior demolition". It was being converted from what had once been a three-family home into a two-family apartment building which was to contain a basement apartment and a second apartment on the first and second floors. As of the date of plaintiff's injury, the building's interior had been completely gutted, the basement flooring had been removed and the earthen surface underneath had been excavated approximately two feet. Consequently, the staircase in question had been significantly altered from its original condition. The bottom two steps had been removed to facilitate the excavation, resulting in a space of between 24 and 40 inches between the earthen floor of the basement and the first step of the staircase. With the removal of the support afforded by the basement flooring, the staircase was secured against only one wall and had a temporary makeshift leg which had been faultily installed. The staircase was scheduled for demolition and was being used in the interim by workers for access to the upper floors of the building. Thus, although once permanent, the staircase had been substantially altered from its original condition and was being used on a temporary basis until its demolition.

The facts herein are analogous to those of *Foufana v City of New York* (211 AD2d 550) and the First Department's analysis in that case is useful here. In that case, a permanent staircase was unearthed during excavation and left in place solely for the use of workers in gaining access to parts of the worksite. Observing that while the staircase was surely "permanent" in one sense, in view of its limited, temporary use and pending demolition, the court found that its " 'life' is analogous to a temporary structure used only for the excavation as opposed to a permanent structure. The fact that this staircase was many years old and was originally a permanent structure does not

preclude its consideration as the functional equivalent of 'other devices' for purposes of [Labor Law § 240 (1)]" (*id.*, at 550-551).

Similarly, the staircase at issue here, while once permanent, had been significantly altered, had only a temporary "life" and limited purpose, and as such falls comfortably within the ambit of a "device" for purposes of its inclusion within Labor Law § 240 (1) (*see*, *Wescott v Shear*, 161 AD2d 925, *supra*). To hold otherwise is to attach a narrow, literal interpretation of the term "permanent" to an object whose context belies the very meaning of the word.

White, J., concurs. Ordered that the order is affirmed, with costs.