■ Thomas J. Keefe, Jr., Appellant, v E & D Specialty Stands, Inc., Respondent and Third-Party Plaintiff. Ace Stadium Installers, Inc., Third-Party Defendant-Respondent. [688 NYS2d 865] —Order insofar as appealed from unanimously reversed on the law without costs, defendant's cross motion denied in part, third-party defendant's cross motion denied, Labor Law § 240 (1) claim reinstated and motion granted in part in accordance with the following Memorandum: Supreme Court erred in denying that part of plaintiff's motion for summary judgment pursuant to Labor Law § 240 (1) and in granting those parts of defendant's and third-party defendant's cross motions for summary judgment dismissing that claim. Plaintiff and a co-worker were involved in the construction of bleachers and were carrying 16-foot-long aluminum seatboards from the top of the structure, where they had been deposited by a crane, to a lower level for installation. Floorboards were in place on the partially constructed bleachers, and some risers were attached. As the pair descended the bleachers with six seats on their shoulders, plaintiff stepped into an opening between the floorboard and riser where the riser was unattached, and his leg went into the opening up to his thigh. He then fell backward approximately five or six feet to a lower level of the bleachers, severely cutting his right arm in his attempt to catch himself.

The court erred in determining that the bleachers were comparable to a permanently installed staircase, relying on *Monroe v New York State Elec. & Gas Corp.* (186 AD2d 1019) and *Cliquennoi v Michaels Group* (178 AD2d 839). The bleachers at most were being used as a temporary stairway, or the functional equivalent of a ladder (*see, Wescott v Shear,* 161 AD2d 925, *appeal dismissed* 76 NY2d 846). Because the riser was unsecured, the temporary stairway failed to give plaintiff proper protection from falling from an elevated workplace. So viewed, plaintiff's fall comes within the protection of Labor Law § 240 (1) (*see, Felker v Corning, Inc.,* 90 NY2d 219, 224; *cf., Dombrowski v Schwartz,* 217 AD2d 914; *see also, Serino v*

*Miller Brewing Co.* [appeal No. 2], 167 AD2d 917, *lv dismissed* 78 NY2d 1008; *Pietsch v Moog, Inc.,* 156 AD2d 1019). We therefore reverse the order insofar as appealed from, deny those parts of defendant's and third-party defendant's cross motions with respect to the Labor Law § 240 (1) claim and grant that part of plaintiff's motion with respect to that claim. (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.