■ CHRISTOFORO RICCIO, Appellant, v SHAKER PINE, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. ROTTERDAM GENERAL CONTRACTING CORPORATION, Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [692 NYS2d 189] —Cardona, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered April 9, 1998 in Schenectady County, which, *inter alia*, granted defendants' motion for partial summary judgment dismissing the first, second and fifth causes of action in the complaint.

On or about June 20, 1991, plaintiff was injured while working as a mason at a building located in the Shaker Pine Mall in the Town of Colonie, Albany County. At the time of the accident, plaintiff was employed by third-party defendant, Rotterdam General Contracting Corporation. While plaintiff was attempting to start a gas-powered troweling machine to smooth concrete, the machine lurched striking him on the side causing him to lose his balance and fall through an opening down a flight of stairs.

Thereafter, plaintiff commenced this action against defendant Shaker Pine, Inc., the owner of the building, defendant Richard Rosetti (hereinafter Rosetti), a shareholder of Shaker, and defendant Rosetti Falvey Real Estate, alleging, *inter alia*, causes of action for violation of Labor Law §§ 200 and 240 (1), and common-law negligence.* Defendants served their answer and commenced a third-party action against Rotterdam. Rotterdam, in turn, commenced a fourth-party action against R&R Rosetti Electric, Inc., a corporation owned by Rosetti which also performed work at the building.

Defendants moved for summary judgment dismissing plaintiff's first (Labor Law § 240 [1]), second (negligence) and fifth (Labor Law § 200) causes of action. Plaintiff cross-moved for summary judgment on his first cause of action. Rotterdam cross-moved for summary judgment dismissing the first and third (Labor Law § 241 [5]) causes of action, and R&R moved for summary judgment dismissing the fourth-party complaint. Supreme Court, *inter alia*, granted defendants' motion and dismissed plaintiff's first, second and fifth causes of action.

---

* The action was subsequently discontinued against Rosetti Falvey Real Estate.

Upon reargument, the court adhered to its original decision. This appeal by plaintiff ensued.

Initially, plaintiff contends that Supreme Court erred in dismissing his first cause of action for violation of Labor Law § 240 (1) because defendants had a duty under the statute to furnish safety devices consisting of railings or a barricade around the stairwell opening to prevent his fall. Labor Law § 240 (1) provides, in pertinent part, that: "All contractors and owners * * * who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." The statute requires owners and contractors to provide safety devices to protect workers from injuries attributable to elevation-related hazards (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). While we have held that a temporary stairway constitutes a safety device falling within the scope of Labor Law § 240 (1) (*see, Wescott v Shear,* 161 AD2d 925, *appeal dismissed* 76 NY2d 846), a permanent stairway clearly does not (*see, Williams v City of Albany,* 245 AD2d 916, *appeal dismissed* 91 NY2d 957; *Pennacchio v Tednick Corp.,* 200 AD2d 809; *Monroe v New York State Elec. & Gas Corp.,* 186 AD2d 1019; *Cliquennoi v Michaels Group,* 178 AD2d 839, 840). It is undisputed that plaintiff was injured when he fell through an opening down a permanent stairway not encompassed by Labor Law § 240 (1). Furthermore, contrary to plaintiff's claim, Labor Law § 240 (1) does not impose a duty upon a contractor or owner to provide planking or protective railings across an open stairwell (*see, Marcellino v Nigro,* 149 AD2d 775, 776). Therefore, Supreme Court properly dismissed the first cause of action. Plaintiff's reliance upon *Fuller v Catalfamo* (223 AD2d 850) does not compel a contrary result based upon the facts and circumstances presented therein.

Plaintiff further argues that Supreme Court erred in dismissing his second cause of action for negligence and fifth cause of action for violation of Labor Law § 200 because defendants had notice of the allegedly unsafe condition and control over the work site through the activities of Rosetti's employee, Edward Pogoda. Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d

876, 877; *Jock v Fien*, 80 NY2d 965, 967). In order to establish a cause of action thereunder, "a plaintiff must show that the parties to be charged with a duty under Labor Law § 200 had 'control of the site of the injury and notice, actual or constructive, of the unsafe condition'" (*Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 642, quoting *Karian v Anchor Motor Frgt.*, 144 AD2d 777, 778; *see, Lombardi v Stout*, 80 NY2d 290, 294-295). Notably, general supervisory authority at the work site for the purpose of overseeing the progress of the work and inspecting the work product has been found insufficient to establish a cause of action under Labor Law § 200 (*see, Kvandal v Westminster Presbyt. Socy.*, 254 AD2d 818; *Riley v Stickl Constr. Co.*, 242 AD2d 936, 937; *McCune v Black Riv. Constructors*, 225 AD2d 1078, 1079).

The record herein discloses that Pogoda was an employee of R&R whose duties included obtaining building permits, talking to subcontractors, ordering materials, scheduling the work and arranging for inspections. He testified that he acted as a kind of "project coordinator" making sure the work progressed in a timely manner and checking the subcontractors' work to ensure compliance with industry standards. He stated, however, that he did not instruct the subcontractors on safety matters or check their work to make sure it was being performed in a safe manner. Inasmuch as the record indicates that Pogoda exercised general supervision over the work site and did not specifically direct the method or manner of work by the subcontractors, including Rotterdam, we conclude that Supreme Court properly dismissed plaintiff's second and fifth causes of action.

Mercure, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.