■ WAYNE E. SPONHOLZ et al., Appellants, v BENDERSON PROPERTY DEVELOPMENT, INC., et al., Respondents. [697 NYS2d 432] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Wayne E. Sponholz (plaintiff), a technician employed by third-party defendant, Commercial Refrigeration, was sent by his employer to inspect and/or repair heating and air conditioning units at a building owned by defendant Benderson Development Company, Inc. (Benderson). Benderson was in the process of renovating the interior of the building. Plaintiff used an existing wooden stairway to reach the units on the second floor. After repairing a gas leak in one of the units, plaintiff began to descend the stairs when they collapsed and he fell 12 to 15 feet to the first floor.

We conclude that defendants are entitled to summary judgment dismissing the Labor Law § 240 (1) claim; thus, we modify the order accordingly (*see,* CPLR 3212 [b]). The stairway that allegedly collapsed and thus caused plaintiff's injury was undisputedly a permanent passageway between two parts of the building, and was not a tool or device employed solely to provide access to an elevated worksite (*see, Williams v City of Albany*, 245 AD2d 916, *appeal dismissed* 91 NY2d 957; *Dombrowski v Schwartz*, 217 AD2d 914; *Ryan v Morse Diesel*, 98 AD2d 615, 615-616; *cf., Franks v Meadowlakes Dev. Corp.*, 256 AD2d 1141; *Westcott v Shear*, 161 AD2d 925, *appeal dismissed* 76 NY2d 846). That permanent passageway was not transformed into a temporary statutory device within the meaning of Labor Law § 240 (1) because it was to be removed in the course of renovation. "[N]either the fact that the staircase [may have been] 'altered' somewhat from its initial condition, nor its imminent demolition, warrants treating it as a 'temporary' structure used only to afford workers access to a worksite" (*Williams v City of Albany, supra,* at 917). *Foufana v City of New York* (211 AD2d 550), relied upon by the dissent, is inapposite because the old concrete stairway used for access to an excavation pit in that case had previously been buried in a

prior demolition and was unearthed while the pit was being dug. That stairway was thus a temporary device used for access to the excavation, not a permanent passageway within a structure (see, Foufana v City of New York, supra, at 550-551).

All concur except Pine, J. P., and Callahan, J., who dissent and vote to reverse the order insofar as appealed from in the following Memorandum.

Pine, J. P., and Callahan, J. (dissenting). We respectfully dissent. Because the wall surrounding the stairs had been removed during the renovation project, the stairway was the "functional equivalent of a ladder" and thus "falls within the designation of 'other devices' " within the meaning of Labor Law § 240 (1) (Wescott v Shear, 161 AD2d 925, appeal dismissed 76 NY2d 846; see also, Frank v Meadowlakes Dev. Corp., 256 AD2d 1141). Defendants concede that the stairway was used only to gain access to the vacant second floor of the building and that the stairway "may have been partially altered prior to the accident and was slated to be removed upon completion of the demolition project". Thus, the record establishes that the stairway, although once "permanent", was temporarily being used to obtain access to and from the second floor and was the functional equivalent of a ladder (see, Foufana v City of New York, 211 AD2d 550).

The Court of Appeals has repeatedly recognized that Labor Law § 240 (1) is for the protection of workers from injury and is to be construed as liberally as may be for the accomplishment of the purpose for which the statute was enacted (see, Melber v 6333 Main St., 91 NY2d 759, 762). In our view, the case of Williams v City of Albany (245 AD2d 916, appeal dismissed 91 NY2d 957), relied on by the majority, is contrary to the intent of the statute. Thus, we would reverse the order insofar as appealed from and grant that part of plaintiffs' motion seeking partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.