■ ANDREW STORNO et al., Appellants, v RESTORATION ROOFING COMPANY, Respondent. [701 NYS2d 511] —Graffeo, J. Appeal from an order of the Supreme Court (Torraca, J.), entered May 3, 1999 in Ulster County, which, inter alia, granted defendant's motion for partial summary judgment dismissing plaintiffs' Labor Law § 240 claims.

Plaintiff Andrew Storno was injured when he fell through a stairway opening in an attic which was being renovated into

living space by defendant. The permanent stairway into the attic was completed prior to Storno's fall and, pursuant to defendant's instruction, the opening was covered with plywood and insulation at the end of each workday to prevent heat loss from the remainder of the house. Storno, a subcontractor, arrived at the site on the morning of his first day of work and entered the attic from the outside by climbing a scaffold. While surveying the work site, he stepped on the temporary covering over the stairway opening which gave way, causing him to fall part way through the covering material.

Storno and his wife, derivatively, commenced this action to recover damages for his injuries, alleging causes of action based on negligence and Labor Law §§ 200, 240, 241 and 241-a. After issue was joined and discovery was conducted, plaintiffs moved for partial summary judgment on the issue of liability and defendant cross-moved for partial summary judgment dismissing the Labor Law § 240 claims. Supreme Court denied plaintiffs' motion and granted the cross motion, prompting plaintiffs to appeal.

Inasmuch as a permanent stairway does not constitute a safety device within the scope of Labor Law § 240 (1) and the statute does not require planking or protective railings across an opening to a permanent stairway (see, *Riccio v Shaker Pine*, 262 AD2d 746, *lv dismissed* 93 NY2d 1042), the alleged inadequacy of the temporary covering through which Storno fell does not result in a violation of Labor Law § 240. Plaintiffs' claim that the covering constituted temporary flooring or scaffolding has no support in the record. The undisputed evidence establishes that the sole purpose of the temporary covering was to prevent overnight heat loss from the remainder of the house. The covering had no weight-bearing purpose and there is no evidence that it was used by any workers as a work platform. Supreme Court correctly dismissed plaintiffs' Labor Law § 240 claims and the order is, therefore, affirmed.

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.