OPINION OF THE COURT
Philip G. Minardo, J.
Defendant Staten Island Academy (hereinafter SIA) moves for an order granting it summary judgment dismissing plaintiffs complaint, or in the alternative moves for an order granting its cross claim for contractual and common-law indemnification against defendant Tirro Construction Corporation, sued herein as Tirro Construction Co. (hereinafter Tirro). Tirro cross-moves for an order granting it summary judgment dismissing plaintiffs complaint and all cross claims of SIA concerning contractual and common-law indemnification. Plaintiff cross-moves for an order granting him summary judgment against both defendants on the issue of liability pursuant to Labor Law § 240 (1); §§ 241-a, 241 (6) and § 200.
Findings of Fact
This is a Labor Law action in which plaintiff, an employee of third-party defendant Abcom Corp. was injured in a building owned by defendant SIA. In March 1995, SIA hired defendant Tirro as the general contractor to add a third story to its science building. Jeffrey Perkin was the project superintendent for Tirro whose job was to coordinate the trades and oversee the construction of the third floor addition. Tirro then hired Abcom as its subcontractor to perform drywall work.
On August 25, 1995, the day of the accident, the plaintiff had been framing interior partitions on the third floor. In addition to installing drywall he also served as the union shop steward. At approximately 11:40 a.m., after completing his morning carpentry work, he put on his other hat, that of the shop steward, and began soliciting union dues from his fellow workers. In the course of this activity he got into an argument with one Jimmy Pigott who refused to pay his dues. One thing led to another and as the plaintiff was walking away from Mr. Pigott, Mr. Pigott shoved the plaintiff knocking him over the edge of the platform causing him to land onto a staircase one level below.
The platform was a permanent structure which had temporary railings in place to protect the workers from falling over the edge. However, on the day of the incident the railings were removed in order to accommodate certain construction work which had taken place.
*24 It is plaintiffs contention that although he was pushed over the side of the open platform causing him to plunge onto the steps or stringers on the floor below, a substantial factor in causing his injuries was defendant’s failure to provide safety devices such as rails or walls which would have prevented him. from falling off the platform. As a result, the plaintiff claims that the defendants are liable pursuant to Labor Law §§ 240, 241 (6); §§ 241-a and 200.
The defendants’ contentions are that Jimmy Pigott’s intentional act of pushing plaintiff could not have been foreseen and therefore was an intervening, superceding event that broke the causal nexus. Further, at the time of the accident, plaintiff was not engaged in an enumerated activity which entitles him to protection under the Labor Law. It is undisputed that plaintiff had ceased working as a drywaller and had assumed his duties as a shop steward collecting union dues at the time of the accident. Moreover, the platform and stairwell were permanently installed as part of the structure and the safety devices required to prevent falls from temporary elevations are not required to be installed pursuant to Labor Law § 240 (1). Plaintiffs cause of action pursuant to Labor Law § 200 and his common-law causes of action should also be dismissed because defendants were not supervising or controlling plaintiffs activities as a shop steward at the time of the accident nor did they have actual or constructive notice that the railing or wall was removed from the stairway platform.
The plaintiff responds that his union activities were part and parcel of his job as a drywaller or laborer and are therefore included in the protected class of laborer as contemplated by sections 240 and 241 of the Labor Law.
Conclusions of Law
Since there are no genuine issues of material fact both plaintiff and the defendants are correct in asserting that this matter should be decided by way of summary judgment since the issues involved turn upon questions of law rather than issues of fact. (CPLR 3212; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395.)
“It is well established that on a motion for judgment as a matter of law, the court is not to engage in the weighing of evidence; rather, the court’s function is to determine whether ‘by no rational process could the trier of facts find for the nonmoving party.’ ” (Jastrzebski v North Shore School Dist., 223 AD2d 677, 678 [2d Dept 1996], affd 88 NY2d 946 [1996]; see Dolitsky *25 v Bay Isle Oil Co., 111 AD2d 366; Westchester Joint Water Works v City of Yonkers, 155 AD2d 534; Dooley v Skodnek, 138 AD2d 102.) “It is equally well established that the evidence must be viewed in the light most favorable to the nonmoving party and that the motion should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility [which require a trial of the action].” (Jastrzebski at 678; Garnham & Han Real Estate Brokers v Oppenheimer, 148 AD2d 493 [2d Dept 1983]; see also Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Friedman v Pesach, 160 AD2d 460 [1st Dept 1990].)
Labor Law § 200 and Common-Law Negligence
“Labor Law § 200 represents a codification of the common-law duty of an owner or employer to provide employees with a safe place to work.” (Bailey v Irish Dev. Corp., 274 AD2d 917, 921 [3d Dept 2000], citing Jock v Fien, 80 NY2d 965; Nowak v Smith & Mahoney, 110 AD2d 288.) “In order to impose liability under this statute, the plaintiff is required to demonstrate that the owner or general contractor supervised or controlled the work performed or had actual or constructive notice of the unsafe condition which precipitated plaintiff’s injury.” (Bailey v Irish Dev. Corp., supra at 921, citing Murray v South End Improvement Corp., 263 AD2d 577.)
It is undisputed that SIA was the owner of the site and had two employees check the progress of the work on a weekly basis. Tirro was the general contractor whose responsibility included coordinating the different trades, supervising and controlling all work to be performed. Prior to the accident it is alleged plaintiff himself gave notice to Tirro of the unprotected stairwell which was remedied by installing a railing or wall. At the time of the accident the protective railing or wall was removed ostensibly to permit work to be performed in the area. The plaintiff does not provide this court with any proof as to how long the stairwell platform was left unprotected; it may have been days or merely minutes. Arguably Tirro’s employees were on the work site and should have seen that the protective railing or wall was removed and should have taken steps to remedy it. (See Bailey v Irish Dev. Corp., supra.)
However, there is no testimony to support the allegation that SIA supervised or controlled plaintiff’s activities. Though SIA had two employees checking the work progress on a weekly basis there is no proof as to when they were on the work site *26 last and there is no proof SIA’s employees were present at the time of the accident. SIA’s two employees’ weekly presence at the work site to check on the progress of the work and ensure compliance with building specifications does not constitute the control or supervision necessary to establish liability under section 200 or for common-law negligence. (Riley v Stickl Constr. Co., 242 AD2d 936 [4th Dept 1997]; McCune v Black Riv. Constructors, 225 AD2d 1078; Enderlin v Hebert Indus. Insulation, 224 AD2d 1020.)
Labor Law § 241-a
Though never pleaded in plaintiffs complaint or bill of particulars plaintiff for the first time raises a claim under Labor Law § 241-a. Labor Law § 241-a provides that workers “in or at elevator shaftways, hatchways and stairwells of buildings in course of construction or demolition shall be protected by sound planking * * * laid across the opening at levels not more than two stories above and not more than one story below * * * “The point of the planking is to protect the construction worker * * * from falling through the shaft for more than one story.” (Nevins v Essex Owners Corp., 259 AD2d 384, 385 [1st Dept 1999].) In sum Labor Law § 241-a requires there to-be more than one story. In the instant case there was an existing floor one story below the level from where plaintiff fell and in fact plaintiff landed upon that floor.
Accordingly, this court finds Labor Law § 241-a does not apply where, as here, the plaintiff could only have fallen one story. (See Riley v Stickl Constr. Co., supra.)
Labor Law § 240 (1) Safety Device
“Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide necessary and appropriate protection to workers employed on a construction site.” (Bailey v Irish Dev. Corp., supra at 919, citing Rocovich v Consolidated Edison Co., 78 NY2d 509, 513.) “The statutory protection afforded by Labor Law § 240 (1) is intended to encompass only elevation-related hazards which result in injury to workers as a result of inadequate or missing safety equipment.” (Id., citing Bland v Manocherian, 66 NY2d 452, 457-459.) Labor Law § 240 (1) contains a list of devices intended to protect workers from the elevated related risks such as scaffolding, hoists, stays, ladders, slings, hangars, blocks, pulleys, braces, irons and ropes. “The contemplated hazards are those related to the effects of gravity where protective devices are called for either *27 because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured.” (Rocovich v Consolidated Edison Co., supra at 514.) “It is settled that section 240 (1) ‘ “is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed.” ’ ” (Id. at 513, citing Quigley v Thatcher, 207 NY 66, 68, and Koenig v Patrick Constr. Corp., 298 NY 313, 319.)
The case of Riley v Stickl Constr. Co. (supra) is similar to the case at bar. In Riley the plaintiff also stepped into an unguarded stairwell opening on the floor deck and fell one story to the floor below. The Appellate Division held that plaintiff’s fall from the first floor deck was not a fall from an elevated work site within the meaning of section 240 (1). (See also Lewis v Corh Assoc., 227 AD2d 912; Mazzu v Benderson Dev. Co., 224 AD2d 1009, 1010-1011.) Furthermore, it is well settled that a permanent staircase is a normal appurtenance to a building and is not designed as a safety device to protect against elevated related risk. (Norton v Park Plaza Owners Corp., 263 AD2d 531 [2d Dept 1999]; see also Brennan v RCP Assoc., 257 AD2d 389; Barret v Ellenville Natl. Bank, 255 AD2d 473 [2d Dept 1998]; Williams v City of Albany, 245 AD2d 916 [3d Dept 1997]; Sponholz v Benderson Prop. Dev., 266 AD2d 815 [4th Dept 1999]; Gresco v Nichter Constr. Co., 267 AD2d 1074 [4th Dept 1999].)
“[I]t has repeatedly been held that a stairway which is, or is intended to be, permanent — even one that has not yet been anchored or secured in its designated location (see, Dombrowski v Schwartz, 217 AD2d 914), or completely constructed (see, Ryan v Morse Diesel, 98 AD2d 615, 616) — cannot ‘be considered the functional equivalent of a ladder or other “device” as contemplated by section 240 (1).’” (Williams v City of Albany, supra at 917.) “Such a structure functions as a permanent passageway between two parts of the building, not as a ‘tool’ or ‘device’ that is employed for the express purpose of gaining access to an elevated worksite.” (Id.)
Accordingly, both defendants SIA’s and Tirro’s motion to dismiss plaintiffs cause of action based upon Labor Law § 240 (1) is granted.
Enumerated Activity Protected Under Labor Law
It is undisputed that the plaintiff had ceased working as a drywaller and had switched hats and was acting as a shop *28 steward at the time of the accident. Plaintiff was collecting union dues or assessments from a coworker, Jimmy Pigott, when an argument erupted followed by Mr. Pigott intentionally pushing the plaintiff causing him to fall off the unprotected stairway platform. Inasmuch as the plaintiff was not performing work on behalf of his employer at the time of the accident and was instead working on behalf of his union, the plaintiff was not engaged in the type of activity which entitled him to the protections contemplated under Labor Law § 241 (6) and § 200. (See Hernandez v Board of Educ. of City of N.Y., 264 AD2d 709 [2d Dept 1999]; Chapman v IBM Corp., 233 AD2d 585 [3d Dept 1996]; Higgins v 1790 Broadway Assoc., 261 AD2d 223 [1st Dept 1999].)
Accordingly, the remaining Labor Law § 241 (6) and § 200 causes of action are dismissed.
Proximate Cause
The concept of proximate cause “stems from policy considerations that serve to place manageable limits upon the liability that flows from negligent conduct.” (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314 [1980]; see also Palsgraf v Long Is. R.R. Co., 249 NY 511 [1928].) “The issue of whether a defendant’s negligence was a proximate cause of an accident is separate and distinct from the negligence determination. A defendant may act negligently without that negligence constituting a proximate cause of the accident.” (Ohdan v City of New York, 268 AD2d 86, 89 [1st Dept 2000]; see Price v New York City Hous. Auth., 92 NY2d 553.) “In order to find that defendant’s negligence was a proximate cause of the harm caused to plaintiff, the jury must find that the negligence was a substantial factor in bringing about the injury.” (Ohdan v City of New York, supra; 1A PJI 2:70.) “There may be one, or more than one, substantial factor.” (Id.; 1A PJI 2:71.)
“Plaintiffs need not positively exclude every other possible cause of the accident. Rather, the proof must render those other causes sufficiently ‘remote’ or ‘technical’ to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence.” (Gayle v City of New York, 92 NY2d 936, 937 [1998]; see Schneider v Kings Highway Hosp. Ctr., 67 NY2d 743, 744; Rendinaro v City of New York, 254 AD2d 342 [2d Dept 1998].) “A plaintiff need only prove that it was ‘more likely.’ ” (Gayle v City of New York, supra, citing Schneider v Kings Highway Hosp. Ctr., supra at 745.)
*29 “Where the acts of a third party intervene between the defendant’s conduct and the plaintiff’s injury, the causal connection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant’s negligence.” (Derdiarian v Felix Contr. Corp., supra at 315, citing Parvi v City of Kingston, 41 NY2d 553; Restatement [Second] of Torts §§ 443, 449; Prosser, Torts § 44 [4th ed].)
“If the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant’s conduct, it may well be a superseding act which breaks the causal nexus.” (Derdiarian v Felix Contr. Corp., supra at 315.)
It is plaintiffs burden to prove that a violation of a Labor Law statute was the proximate cause of plaintiffs injury before liability is imposed. (See Bailey v Irish Dev. Corp., supra at 244; Bland v Manocherian, 66 NY2d 452.) In view of the undisputed facts that plaintiff was intentionally pushed by a coworker this court finds that the plaintiffs accident was not caused by a defective or missing safety device. This court cannot envision any device listed in Labor Law § 240 (1) which would be intended to guard against this type of incident. (See Bailey v Irish Dev. Corp., supra.) Even assuming the defendants were negligent in violating Industrial Code (12 NYCRR) §§ 23-2.7 and 23-1.7 (b) (1) (i) which require defendants to erect safety railings, it cannot reasonably be inferred, based on the evidence set forth, that such a failure to install such railings was a proximate cause of the plaintiffs accident. (See Rodriguez v Gutierrez, 217 AD2d 692 [2d Dept 1995]; Rendinaro v City of New York, supra; Atkinson v County of Oneida, 59 NY2d 840; Tomassi v Town of Union, 46 NY2d 91; Matter of Fasano v State of New York, 113 AD2d 885.)
Accordingly, this court finds as a matter of law the plaintiff has failed to prove the defendants’ negligence in failing to erect and maintain the safety railings was a proximate cause of plaintiffs accident.
Accordingly, plaintiffs motion for summary judgment is denied, and the defendants SIA’s and Tirro Construction’s motions for summary judgment dismissing the complaint are granted in their entirety.