(172 App. Div. 627)

MIZAK v. CARBORUNDUM CO.

(Supreme Court, Appellate Division, Fourth Department. April 19, 1916.)

1. MASTER AND SERVANT ⟨⟨⟩87—INJURIES TO SERVANT—LIABILITY OF MASTER —LABOR LAW.

Labor Law (Consol. Laws, c. 31) § 200, has not laid any additional duty upon the employer in reference to the safe condition of his ways, works, or machinery than he was under at common law, but has deprived him of some of the defenses which he had at common law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 138; Dec. Dig. ⟨⟨⟩87.]

2. MASTER AND SERVANT ⟨⟨⟩114—INJURIES TO SERVANT—SAFE PLACE TO WORK.

At common law it was the duty of a master to furnish his servant with a reasonably safe place to do his work, including a reasonably safe way to get to and from his work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 179, 200; Dec. Dig. ⟨⟨⟩114.]

3. MASTER AND SERVANT ⟨⟨⟩116(1)—INJURIES TO SERVANT—LABOR LAW— "WAY"—PART OF "PLACE TO WORK."

A ladder, permanently placed in a factory to afford workmen the means of getting back and forth between the ground floor and the second floor, is a "way" or "part of the place to work," within Labor Law,

⟨⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

§ 200, making employer liable to employé for personal injury caused by defect in the condition of the employer's ways, works, or machinery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. ☞116(1).

For other definitions. see Words and Phrases, First and Second Series, Machinery or Plant; Way; Work.]

4 MASTER AND SERVANT ☞286(17)—INJURIES TO SERVANT—SAFE PLACE TO WORK—QUESTION FOR JURY.

In an action by a servant, injured when the ladder which he was using to pass between the first and second floor of the master's factory fell and injured him, whether such ladder, unsecured at either end, was reasonably safe for its purpose, was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1024; Dec. Dig. ☞286(17).]

Action by Paul Mizak against the Carborundum Company. On motion by plaintiff to set aside nonsuit, and for new trial upon exceptions taken by plaintiff at the trial; judgment on the nonsuit being suspended. Plaintiff's exceptions sustained and motion to set aside nonsuit and for new trial granted.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Augustus Thibaudeau and Leggett & Thibaudeau, all of Niagara Falls, for plaintiff.

Alfred W. Gray and Dudley & Gray, all of Niagara Falls, for defendant.

FOOTE, J. The action is by servant against master for damages for personal injuries sustained by the fall of a ladder by which plaintiff was attempting to ascend from the ground floor to a platform, a distance of about 12 feet, in the manufacturing plant of defendant. The accident occurred on August 9, 1910. The action is brought under the employers' liability provisions of the Labor Law. Plaintiff was employed as a machinist's helper, and as such went to all the different parts of defendant's manufacturing plant to assist the machinist in the inspection and repair of the machinery. The accident happened in the transformer room, so called. The foreman had instructed the machinist and plaintiff, his helper, to inspect and, if necessary, repair the conveyor and certain machinery which was then in operation on the second floor above the transformer room. To reach this second floor a ladder was used, which stood on the cement floor of the transformer room and leaned against a platform about 12 feet above the floor; the ladder being about 13 feet in length. It was necessary to ascend this ladder to the platform, and from the platform were stairs leading up to the second floor. This ladder was used exclusively for this purpose, and had stood at the same place in the transformer room, with its top leaning against the platform above, for five or six years. It afforded the only means of access to the platform and stairs above. The machinist ascended the ladder first, and after he had reached the platform plaintiff undertook to follow him, but before plaintiff reached the platform the ladder fell, precipitating plaintiff to the cement

floor, producing the injuries for which he sues. Whether the foot of the ladder slipped on the cement floor, or whether the ladder, being set so nearly perpendicular, tipped backward from plaintiff's weight, does not clearly appear. The ladder was not fastened either at the bottom or the top, where it rested against the platform. The nonsuit was granted apparently on the theory that the ladder was an appliance or simple instrument, and upon the authority of Kelly v. National Starch Co., 142 App. Div. 286, 126 N. Y. Supp. 979. But the question considered in that case is not the same as is involved here. That action was based upon the liability imposed by section 18 of the Labor Law (chapter 36, Laws 1909), which prohibits an employer from furnishing for the use of his employés "in the erection, repairing, altering or painting of a house, building or structure," among other things, any "ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged." Notwithstanding this statute the case was disposed of on the theory that the defective ladder there in question was a simple appliance to be used by the workman, like any other of his tools or appliances for doing his work.

[1-4] The present case presents a different question. Section 18 of the Labor Law is not applicable, because the ladder in this case was not being used in the erection, alteration, or repair of any building or structure. The ladder upon which plaintiff here was injured was not an appliance furnished to plaintiff to use in any part of defendant's premises where he should need a ladder, but was furnished and located permanently as a means for all of defendant's servants to ascend to the platform and stairs leading to the second floor who should have occasion to do so. In other words, it was a substitute for stairs, and for this reason appellant contends that it was a "way," within section 200 of the Labor Law. We quote that part of the section upon which appellant relies as it stood prior to the amendment of 1910 (Laws 1910, c. 352), as that amendment did not take effect until September 1st of that year and after this accident:

"Sec. 200. When personal injury is caused to an employé who is himself in the exercise of due care and diligence at the time: 1. By reason of any defect in the condition of the ways, works or machinery connected with or used in the business of the employer which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways, works or machinery were in proper condition, * * * the employé * * * shall have the same right of compensation and remedies against the employer as if the employé had not been an employé of nor in the service of the employer nor engaged in his work. * * *"

This section has not apparently laid any additional duty upon the employer in reference to the safe condition of his ways, works, or machinery than he was under at common law. Mappa v. Erie R. R. Co., 195 N. Y. 176, 88 N. E. 30, 21 L. R. A. (N. S.) 96; Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411. But it has deprived the master of some of the defenses which he had at common law. At common law it was the duty of the master to furnish to the servant a,

reasonably safe place to do his work. This includes a reasonably safe way to get to and from his work. Kirby v. Montgomery Bros. & Co., 197 N. Y. 27, 90 N. E. 52. A ladder permanently placed, as this one was, to afford the workmen the means of getting back and forth between the ground floor and the second floor, must, we think, be considered as a way or as a part of the place to work, rather than as a tool or appliance, and we think plaintiff was entitled to have the jury say whether this ladder, placed as it was, without being made fast or secure at either end, was reasonably safe for the purpose for which it was furnished.

If we are right in this, it was error to nonsuit plaintiff, and plaintiff's exceptions should be sustained, and the motion to set aside the nonsuit and for a new trial should be granted, with costs of this appeal to plaintiff to abide the event. All concur.