■ HOWARD KRIEGER, Appellant, v PAT CONSTRUCTION, INC., et al., Respondents. (And a Third-Party Action.)—Order unanimously modified, on the law, to grant plaintiff's motion for summary judgment against defendant PAT Construction, Inc., and, as modified, affirmed, without costs. Memorandum: Plaintiff, an ironworker employed by third-party defendant Holcombe Erectors, Inc., was injured when two steel columns approximately 14 feet high, which were supporting a steel beam on which he was working, collapsed. Special Term erred in denying plaintiff's motion for partial summary judgment against defendant PAT Construction, Inc., the owner of the premises and general contractor for the construction of a computer center for the defendant Erie Savings Bank, F.S.B., the lessee of the building. The motion was predicated on a violation of Labor Law § 240 (1) on the basis of undisputed evidence that the steel columns were not securely anchored so as to support plaintiff's weight and that no safety devices of any kind were supplied. Although safety devices which could have been utilized to stabilize the columns, consisting of guy ropes and guyed ladders, were present on the jobsite, no safety device was made available to plaintiff. Labor Law § 240 (1) imposes on owners, contractors and their agents a nondelegable duty to insure that safety devices are "so constructed, placed and operated as to give proper protection" to workers at the site and "an owner and contractor do not fulfill their statutory obligation and thereby escape the imposition of absolute liability merely by demonstrating that there was present somewhere at the jobsite a [safety device] which might have been used by a worker for the safer performance of his assigned work." (Heath v Soloff Constr., 107 AD2d 507, 512.) Here, the work place was unsafe, no protective device was made available to plaintiff and a clear violation of the statute was established. Since the failure to provide any protective device was clearly causative of the injury, summary judgment should have been granted against the general contractor (see, Brant v Republic Steel Corp., 91 AD2d 841, appeal dismissed 59 NY2d 761).

However, summary judgment against the bank was properly denied since plaintiff failed to show that the bank had the right

to control the work. No proof was submitted by plaintiff as to the relationship between PAT and the bank and there is no basis in the record for a finding that the bank was in a position to insist that safe construction practices be followed by PAT, the owner and general contractor. (Appeal from order of Supreme Court, Erie County, Kane, J.—partial summary judgment.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Schnepp, JJ.