■ HARRY MONROE et al., Respondents, v NEW YORK STATE ELECTRIC & GAS CORP. et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred by permitting plaintiffs to amend their complaint to add a cause of action pursuant to Labor Law § 240 (1). Plaintiff Harry Monroe was injured when he slipped and fell on a permanently installed, metal, exterior stairway located between two sections of a building under construction. Labor Law § 240 (1) does not apply where plaintiff falls on a permanently installed stairway *(see, Cliquennoi v Michaels Group,* 178 AD2d 839; *Barnes v Park Cong. Church,* 145 AD2d 889, *lv*

*dismissed* 74 NY2d 650; *Fiore v MCT Constr. Corp.,* 112 AD2d 265; *Ryan v Morse Diesel,* 98 AD2d 615).

Supreme Court properly denied defendants' motion for summary judgment dismissing plaintiffs' causes of action pursuant to Labor Law §§ 200 and 241 (6). Defendants argue that plaintiffs failed to prove that defendants had notice of an icy condition on the stairs. As the moving parties, defendants were obligated to submit proof in admissible form sufficient to demonstrate that they did not have notice of a dangerous condition on the stairway as a matter of law. That they failed to do. Defendants offered nothing to refute plaintiff's allegations that ice had built up on the stairs to a depth of two inches in spots and was caused by the lack of gutters on the building. The mere fact that plaintiff admitted that it was snowing on the day of his accident does not prove that ice had not accumulated for a time sufficient for defendant to have either actual or constructive notice of it *(cf., Newsome v Cservak,* 130 AD2d 637; *Rothrock v Cottom,* 115 AD2d 242, *lv denied* 68 NY2d 601). (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present— Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.