■ RICHARD G. KOZLOWSKI et al., Appellants, v ALCAN ALUMINUM CORPORATION, Respondent and Third-Party Plaintiff. TEAM SERVICE CORPORATION, Third-Party Defendant-Respondent. (Appeal No. 1.) [619 NYS2d 1014] —Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Labor Law § 240 [1].) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.

■ RICHARD G. KOZLOWSKI et al., Appellants, v ALCAN ALUMINUM CORPORATION, Respondent and Third-Party Plaintiff. TEAM SERVICE CORPORATION, Third-Party Defendant-Respondent. (Appeal No. 2.) [621 NYS2d 240] —Appeal from order insofar as it denied reargument unanimously dismissed (see, Empire Ins. Co. v Food City, 167 AD2d 983, 984) and order modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Richard G. Kozlowski (plaintiff) fell from a permanent ladder affixed to a cold-mill processor. The IAS Court erred in granting defendant's cross motion for summary judgment on the Labor Law § 240 (1) cause of action. The ladder was a part of

the "structure" under Labor Law § 240 (1) *(see, Lewis-Moors v Contel of N. Y.,* 78 NY2d 942, 943; *Gordon v Eastern Ry. Supply,* 181 AD2d 990, *affd* 82 NY2d 555; *Dedario v New York Tel. Co.,* 162 AD2d 1001), and plaintiff was engaged in an enumerated activity *(see,* 12 NYCRR 23-1.4). We disagree with defendant's contention that the ladder simply served as "a permanent passageway from one place of work to another" and could not be considered a tool of plaintiff's work, thus removing this case from the ambit of section 240 (1) *(see, Monroe v New York State Elec. & Gas Corp.,* 186 AD2d 1019; *Cliquennoi v Michaels Group,* 178 AD2d 839; *Westcott v Shear,* 161 AD2d 925, *appeal dismissed* 76 NY2d 846). Unlike the situation in *Monroe,* plaintiff did not use the ladder to gain access from one part of the work site to another, but rather, used it to reach a valve as part of his work on the processor *(cf., Mizak v Carborundum Co.,* 172 App Div 627). For purposes of Labor Law § 240 (1), the ladder is indistinguishable from the metal rung construction of a telephone pole because its presence "presumes that workers will climb to elevated heights" *(Dedario v New York Tel. Co.,* 162 AD2d 1001, 1002-1003, *supra; see also, Figueroa v Manhattanville Coll.,* 193 AD2d 778).

Plaintiffs are not entitled to summary judgment, however, on the Labor Law § 240 (1) cause of action because there is a question of fact whether plaintiff's injuries were proximately caused by the fall. In opposition to plaintiffs' motion for summary judgment, defendant submitted the affidavit of a medical doctor who concluded that plaintiff's "symptoms of degenerative disc disease present immediately after the alleged incident were due to a pre-existing disease and not trauma." That expert opinion creates a question of fact on a material issue and thus precludes summary judgment. We reject plaintiffs' contention that the affidavit submitted by defendant's expert should not be considered because defendant failed to disclose the expert's identity in a reasonable time pursuant to CPLR 3101 (d) (1) (i). Plaintiffs' remedy for failure to comply with that section is to move before the IAS Court for "whatever order may be just" (CPLR 3101 [d] [1] [i]). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Reargument and Renewal.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.