■ Ramon Szopinski et al., Respondents, v MJ Mechanical Services, Inc., Defendant and Third-Party Plaintiff-Respondent, and AM CAP Incorporated, Respondent. Metro Electric Construction Corp., Third-Party Defendant-Appellant. [629 NYS2d 926] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We conclude that Supreme Court properly granted the motion of plaintiffs for partial summary judgment pursuant to Labor Law § 240 (1). To access the penthouse work site where he was installing wiring for a boiler, Ramon Szopinski (plaintiff) was required to climb an extension ladder to reach the first floor roof of the shopping mall, and then was required to climb a ladder that was permanently affixed to the exterior of the mall to reach the roof where the penthouse was located. Plaintiff was injured when he fell from approximately the 12th rung of the permanently affixed ladder to the first floor roof. Because plaintiff was injured as a result of a fall

from a height while working on construction and using one of the safety appliances (a ladder) enumerated in Labor Law § 240 (1), he is entitled to partial summary judgment. That the ladder was attached and was being used as a means (a "passageway", according to the dissent) to reach the elevated platform (roof) where plaintiff was working does not alter the result (see, Kozlowski v Alcan Aluminum Corp. [appeal No. 2], 209 AD2d 930; Figueroa v Manhattanville Coll., 193 AD2d 778).

The court erred, however, in granting defendants' cross motions for summary judgment against third-party defendant based on common-law indemnification. The proof, viewed in the light most favorable to the nonmoving party, shows that the ladder from which plaintiff fell was under the control of defendant AM CAP Incorporated and was placed too close to the wall. There is also evidence that employees of defendant MJ Mechanical Services, Inc., directed plaintiff and other employees of third-party defendant to use the ship's ladder to gain access to the penthouse. Under those circumstances, there is, at least arguably, a question of fact whether defendants were responsible for the accident and, therefore, summary judgment is precluded (see, e.g., Schelble v ADF Constr. Corp., 199 AD2d 973, 974).

All concur except Denman, P. J., and Boehm, J., who dissent in part in accordance with the following Memorandum:

Denman, P. J., and Boehm, J. (dissenting). We respectfully dissent in part. Ramon Szopinski (plaintiff) was injured when he fell from a ladder that was permanently affixed to the exterior of the shopping mall where he was working as an electrician. Plaintiff was using the ladder to reach the penthouse in order to install wiring.

Although plaintiff fell while climbing a ladder, he was not engaged in "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]), but was using the permanently affixed ladder to gain access to the penthouse. Generally, passageways that are permanent in nature are outside the ambit of Labor Law § 240 (1) (see, Dombrowski v Schwartz, 217 AD2d 914 [decided herewith]; Pennacchio v Tednick Corp., 200 AD2d 809; Cliquennoi v Michaels Group, 178 AD2d 839). The fact that a ladder is permanently affixed, however, does not preclude liability (see, Kozlowski v Alcan Aluminum Corp. [appeal No. 2], 209 AD2d 930). In Kozlowski, the plaintiff was injured when he fell from a ladder that was affixed to the structure that was the subject of his work. We held that the plaintiff did not use the ladder to

gain access from one part of the work site to another, but rather used it to perform his duties.

Here, plaintiff used the permanently affixed exterior ladder to reach a different level of the shopping mall in order to gain access to the work site. Thus, the ladder effectively served as a permanent passageway connecting work areas and plaintiff's fall from the ladder, in our view, does not bring plaintiff within the protection of Labor Law § 240 (1) (see, Ryan v Morse Diesel, 98 AD2d 615; Mizak v Carborundum Co., 172 App Div 627; cf., Monroe v New York State Elec. & Gas Corp., 186 AD2d 1019).

We agree with the majority that Supreme Court erred in granting defendants' cross motions for summary judgment against third-party defendant based on common-law indemnification. (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Labor Law.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.