■ GEORGE ROWLETT et al., Respondents, v GREAT SOUTH BAY ASSOCIATES et al., Appellants and Third-Party Plaintiffs-Appellants. DOLLAR COOLING CORPORATION, Third-Party Defendant-Appellant. [655 NYS2d 16] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 28, 1996, to the extent it granted, on reargument, summary judgment to plaintiffs on their claim under Labor Law § 240 (1), unanimously reversed, and the motion for summary judgment is denied, without costs. Upon search of the record, summary judgment is granted to defendants, dismissing the complaint and the third-party action (CPLR 3212 [b]). The Clerk is directed to enter judgment accordingly.

Plaintiff George Rowlett, an air conditioning mechanic, went to the Montauk Shopping Center, in late October 1990, to perform routine seasonal maintenance at the General Nutrition commercial facility. Unable to disconnect the system through the ground-level thermostat, he ascended the roof to repair what he determined to be a seized electrical contact. Rowlett used an extension ladder provided by his employer, which reached at least two feet short of his objective, and thus could not be hooked onto the edge of the roof. (A rope attached to the top rung of the ladder, which may or may not have been intended for securing the ladder to the building, could not be used for this purpose.) In hauling the ladder up behind him, in contemplation of further use on the roof, Rowlett inadvertently disengaged the locking hooks between the two extension parts. When the ladder was replaced for his descent, the connection retracted under his weight, and he fell to the ground, injuring his back and knee.

The issue is whether the kind of work Rowlett was performing brought him under the protection of the Scaffold Act, which calls for providing proper ladders in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]). *Installation* of an air conditioner on the roof of a building may fall within the protection of Labor Law § 240 (*Perez v New York City Indus. Dev. Agency*, 223 AD2d 628), but *routine maintenance* does not. In this respect, changing an electrical switch on a rooftop air conditioner, so that the unit can be turned off for the season, is no different from taping over a rooftop electric eye so that the flood lights it controls can remain on during the daytime (*Howe v 1660 Grand Is. Blvd.*, 209 AD2d 934, *lv denied* 85 NY2d 803), or changing the light bulbs in a stanchion sign (*Smith v Shell Oil Co.*, 85 NY2d 1000). These are not the construction or renovation sites that the statute contemplates in protecting a worker from height-related injury through strict liability. Concur—Sullivan, J. P., Rosenberger, Wallach and Williams, JJ.