■ HAMID MEHMEDAGIC et al., Respondents, v NEW YORK UNIVERSITY MEDICAL CENTER, Respondent. NEW YORK UNIVERSITY, Sued Herein as UNIVERSITY MEDICAL CENTER, Third-Party Plaintiff-Respondent-Appellant, v ERECTRA CONSTRUCTION CORP. et al., Third-Party Defendants-Appellants-Respondents. [668 NYS2d 597] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about April 2, 1997, which, insofar as appealed from as limited by the briefs, denied defendant and third-party plaintiff's motion for summary judgment dismissing plaintiffs' cause of action under the Labor Law and denied third-party defendants' cross-motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

Issues of fact exist as to whether the employee was injured in the course of construction work on the structure (*see, Martin v Back O'Beyond*, 198 AD2d 479). The fixed ladder is arguably covered by Labor Law § 240, since there is some evidence that it was required for access to a roof-top work space (*see, Szopinski v MJ Mech. Servs.*, 217 AD2d 906, *appeals dismissed* 87 NY2d 861; *Kirchner v BRC Human Servs. Corp.*, 224 AD2d 270). Plaintiffs have satisfied the need for allegation of a specific, concrete provision of the Industrial Code to support a Labor Law § 241 (6) cause of action (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Rubin and Tom, JJ.