■ John Spiteri et al., Respondents-Appellants, v Chatwal Hotels et al., Respondents, and President Hotel Company, Appellant-Respondent. (And a Third-Party Action.) [669 NYS2d 282] —Order, Supreme Court, New York County (Carol Arber, J.), entered May 14, 1997, which denied the motion of defendant President Hotel Company (President) to dismiss the complaint against it and denied plaintiffs' cross-motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), unanimously modified, on the law, the cross-motion granted, and the motion granted to dismiss the remaining causes of action against President, and otherwise affirmed, without costs.

This is an action to recover damages for personal injuries sustained by plaintiff John Spiteri on February 13, 1993, when he fell from a ladder permanently affixed to an outside wall of

the Best Western President Hotel in New York City, which is owned by President and leased to defendant Chatwal Hotels (Chatwal), which operates the hotel pursuant to a franchise agreement with defendant Best Western International, Inc. Plaintiff, an elevator repairman for third-party defendant Century Elevator Maintenance Corp., had to climb the ladder to reach an elevator room on the roof of the building in order to repair a broken elevator. The ladder was not equipped with any safety devices. As he was climbing the ladder with his tools in one hand, plaintiff slipped and fell about 5 or 6 feet, thereby fracturing his left heel.

On these facts, President moved for summary judgment dismissing the complaint against it and plaintiffs cross-moved for partial summary judgment against President and Chatwal on liability pursuant to their cause of action under Labor Law § 240 (1). The IAS Court denied both the motion and the cross-motion. Plaintiffs and President now appeal.

Pursuant to section 240 (1), all owners and their agents engaged in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building have a non-delegable duty to furnish or erect proper scaffolding, ladders or other safety devices to protect employees in the performance of the work (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559).

Here, we reject President's contention that section 240 (1) is not applicable to this situation because the work being performed by plaintiff that day did not qualify as "repair" work but constituted routine maintenance. While it is well settled that liability under section 240 (1) does not apply to "routine maintenance in a non-construction, non-renovation context" (*Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592, 593), the record in this matter indisputably shows that the elevator in question was not working that day. Under these circumstances, it is clear that "plaintiff was engaged in 'repair' work within the meaning of the statute" (*Carr v Perl Assocs.*, 201 AD2d 296, 297, citing *Izrailev v Ficarra Furniture*, 70 NY2d 813). We note that, contrary to President's contention, the record does not offer any evidence supporting its claim that the elevator was working and that plaintiff brought it up to the 15th floor so that he could work on it. In fact, not only is there no indication that the elevator was functioning at all that day, but the "Service Call Report" prepared by Century reveals that plaintiff was dispatched to the hotel on the day of the accident in response to a call about a "car out".

We also reject President's argument that plaintiff's injury does not fall within the purview of section 240 because the lad-

der from which he fell was permanently affixed to the building (*see*, *Oprea v New York City Hous. Auth.*, 226 AD2d 310, 311). Moreover, there is no merit to President's argument that this matter is governed by cases excluding section 240 (1) liability for accidents which took place on stairways used by a worker on his or her way to the job site (*see*, *Monroe v New York State Elec. & Gas Corp.*, 186 AD2d 1019; *Ryan v Morse Diesel*, 98 AD2d 615). Not only are ladders specifically included within the statute's coverage but, here, the ladder constituted the only means of access to the elevator control room, so that plaintiff had to climb it in order to perform his job. In this situation, we find that the circumstances surrounding his work "subjected him to the sort of risk which section 240 (1) was intended to obviate" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see also*, *Oprea v New York City Hous. Auth.*, 226 AD2d, *supra*, at 311; *Ciraolo v Melville Ct. Assocs.*, 221 AD2d 582; *Szopinski v MJ Mech. Servs.*, 217 AD2d 906, *appeal dismissed* 87 NY2d 861).

Since the duty imposed by section 240 (1) is nondelegable, an owner or agent who breaches that duty may be held liable regardless of whether it actually exercised supervision or control over the work or whether negligence by the worker contributed to the mishap (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500; *Rocovich v Consolidated Edison Co.*, *supra*, at 513). Accordingly, plaintiffs are entitled to summary judgment on the issue of liability under section 240 (1).

While we therefore find that plaintiffs are entitled to summary judgment on their claim under section 240 (1), we find that President is entitled to summary judgment dismissing the remaining claims brought against it, which were brought under Labor Law § 241 (6) and § 200, and principles of common-law negligence.

Section 241 (6) of the Labor Law imposes strict liability on owners and their agents for injuries that occur to workers irrespective of the owner's or agent's control or supervision of the worksite where the work was performed during construction, excavation or demolition (*see*, *Mosher v State of New York*, 80 NY2d 286) and where the defendants violated a rule or regulation that sets forth a specific standard of conduct (*see*, *Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 501-502). Here, since plaintiff has failed to demonstrate that he was working at a construction site and since he alleges only violations of general standards of conduct, his claim under section 241 (6) must fail. Pursuant to Labor Law § 200, an owner is subject to liability only if it is shown to have exercised a certain degree of

supervisory control over the worker's activities (*see*, *e.g.*, *Lombardi v Stout*, 80 NY2d 290, 295). Here, since there was no evidence indicating either that President had any control over plaintiff's work, or even any involvement in the day-to-day operations of the hotel, plaintiffs' claim against it under section 200 should be dismissed. We note that plaintiffs did not produce any evidence establishing that President ever exercised its right to re-enter the premises or that President even knew that Chatwal had hired Century.

Similarly, we reject plaintiffs' claim against President under common-law negligence where plaintiffs have not produced any evidence indicating that President knew that the ladder was defective or dangerous. In particular, we note that plaintiffs' belated assertion that the ladder violated the Building Code is insufficient to establish a right to recovery under *Guzman v Haven Plaza Hous. Dev. Fund Co.* (69 NY2d 559) where plaintiff raised this allegation for the first time in a Supplemental Bill of Particulars served without leave of court after he filed a note of issue, in violation of CPLR 3043 (b). Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Tom, JJ.