■ DONALD A. FULLER, JR., et al., Respondents, v NC3, INC., Doing Business as NATIONAL COMMODITY CLEARANCE CENTER,

Appellant-Respondent, and MAXIMUS PROPERTIES et al., Respondents-Appellants. [684 NYS2d 723] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting that part of plaintiffs' cross motion for partial summary judgment on liability on the Labor Law § 240 (1) claim against defendant NC3, Inc., doing business as National Commodity Clearance Center (NC3) and in denying that part of the motion of NC3 for summary judgment dismissing that claim against it. NC3 was not an owner within the meaning of Labor Law § 240 (1) and had no right to control the work (*see, Frierson v Concourse Plaza Assocs.*, 189 AD2d 609; *Santos v American Museum of Natural History*, 187 AD2d 420, 421-422; *Krieger v PAT Constr.*, 112 AD2d 10). The court properly granted, however, that part of plaintiffs' cross motion on section 240 (1) liability with respect to the remaining defendants. There is no merit to the contention of defendants Maximus Properties and John W. Girard (collectively Maximus) that the work performed by Donald A. Fuller, Jr. (plaintiff) was not a protected activity under Labor Law § 240 (1). Plaintiff fell while ascending a ladder to the roof to repair a malfunctioning air conditioner, and thus he was engaged in an activity protected by section 240 (1) (*see, Sprague v Peckham Materials Corp.*, 240 AD2d 392; *cf., Rowlett v Great S. Bay Assocs.*, 237 AD2d 183, *lv denied* 90 NY2d 809). In this case, the ladder used by plaintiff was "a tool of plaintiff's work" (*Kozlowski v Alcan Aluminum Corp.* [appeal No. 2], 209 AD2d 930, 931; *see, Szopinski v MJ Mech. Servs.*, 217 AD2d 906, 907, *appeal dismissed* 87 NY2d 861).

The court also erred in denying those parts of defendants' motions for summary judgment dismissing the Labor Law § 200 claim. Defendants did not control, direct or supervise plaintiff's work, and plaintiff has not shown that they had notice of the dangerous condition that produced his injury (*see, Sprague v Peckham Materials Corp.*, *supra*, at 394).

Finally, the court erred in granting the cross motion of Maximus for indemnification and denying the motion of NC3 seeking indemnification from Maximus. Maximus was the owner of record, had a pre-occupancy obligation to ensure that the air conditioner was in working order, had agreed to a 90-day warranty, and had in fact ordered the repair, whereas NC3 merely asked Maximus to repair the broken air conditioner. Under the circumstances, NC3 is entitled to indemnification from Maximus (*see, Chapel v Mitchell*, 84 NY2d 345, 347; *Mount v Gamble Mach.*, 209 AD2d 957, *lv dismissed* 85 NY2d 967).

Thus, we modify the order by granting that part of the motion of NC3 for summary judgment dismissing the Labor Law § 240 (1) claim against it, denying that part of plaintiffs' cross motion for partial summary judgment on liability on the Labor Law § 240 (1) claim against NC3, granting those parts of the motions of defendants for summary judgment dismissing the Labor Law § 200 claim against them, granting that part of NC3's motion seeking indemnification from Maximus and denying the cross motion of Maximus seeking indemnification from NC3. (Appeals from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.