■ HECTOR BECKFORD et al., Respondents, v CITY OF NEW YORK et al., Defendants, PARTNERS FOR HOUSING, Respondent, and BRENDER HECHT ASSOCIATES, INC., Sued Herein as BRENDA HECHT ASSOCIATES, INC., Appellant and Third-Party Plaintiff-Appellant. F.G.R. INC., Third-Party Defendant-Respondent. [689 NYS2d 98] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about March 27, 1998, which granted plaintiff's motion for summary judgment as to liability upon his Labor Law § 240 (1) claim, denied defendant Brender Hecht Associates' cross motion for summary judgment upon its claim for indemnification against third-party defendant F.G.R. Inc., and granted the cross motion of defendant Partners for Housing for summary judgment upon its claim for indemnification against Brender Hecht Associates; unanimously affirmed, without costs.

Labor Law § 240 (1), which is to be liberally construed (see, Lombardi v Stout, 80 NY2d 290, 296), imposes absolute liability on owners, contractors and their agents for failing to furnish or erect necessary safety devices to protect workers from injuries proximately caused by such failure (see, Bland v Manocherian, 66 NY2d 452, 459). The motion court, finding that the documentary evidence indicated that no safety devices had been provided to workers by Brender Hecht Associates, the general contractor and supervisor of the project, and that such failure was the proximate cause of plaintiff's injuries, properly granted plaintiff's motion for summary judgment as to liability upon his Labor Law § 240 (1) claim. Brender Hecht Associates' contention that plaintiff's errors caused his injuries is at best a claim of comparative negligence, which is not a viable defense to a Labor Law § 240 (1) claim (see, Stolt v General Foods Corp., 81 NY2d 918, 920).

Because the contract between Brender Hecht Associates and subcontractor F.G.R. Inc., plaintiff's employer, was not executed until two days after the accident, the court also properly denied Brender Hecht Associates summary judgment on its claim for contractual indemnification against F.G.R. The court also properly found questions of fact as to the degree of supervision and control between Brender Hecht Associates and F.G.R.

Finally, since there was no competent proof that defendant Partners for Housing exercised any control over work performed at the project, the court properly granted its motion for summary judgment upon its claim for indemnification from Brender Hecht Associates. Concur—Williams, J. P., Rubin, Mazzarelli, Andrias and Buckley, JJ.