■ VINCENT FRANCO, Appellant, v JOSEPH JEMAL et al., Respondents and Third-Party Plaintiffs. B & G INDUSTRIES, INC., et al., Third-Party Defendants-Respondents. [721 NYS2d 51] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered October 29, 1999, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim and granted defendants' cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendants' cross-motion for summary judgment denied, plaintiff's motion for summary judgment granted, and the complaint reinstated.

Plaintiff, a journeyman electrician, was injured while attempting to repair a rooftop central air conditioning unit. The IAS Court granted defendants' cross-motion for summary judg-

ment on the authority of *Rowlett v Great S. Bay Assocs.* (237 AD2d 183, *lv denied* 90 NY2d 809), holding that plaintiff's replacing of a switch on the rooftop air conditioner was not the type of work to which the protections of the scaffold law apply. While the plaintiff in *Rowlett* was performing routine maintenance, Franco was assigned to perform the repair in this case because the rooftop air conditioner was inoperable. The air conditioning system here was a fixture and, as such, it had become part of the building for purposes of section 240 (*Sprague v Peckham Materials Corp.*, 240 AD2d 392, 393). Since Franco was repairing a part of the building and not engaged in routine maintenance, the protections of Labor Law § 240 (1) clearly applied (*Stadtmuller v Metropolitan Life Ins. Co.*, 271 AD2d 361; *Craft v Clark Trading Corp.*, 257 AD2d 886; *Fuller v NC3, Inc.*, 256 AD2d 1126).

While plaintiff made out his prima facie case for section 240 (1) liability, defendants failed to raise a triable issue of fact as they offered no more than speculation as to whether the accident happened as plaintiff described. That the accident was unwitnessed presents no bar to summary judgment in favor of plaintiff. Where, as here, there is no substantiated challenge to credibility, plaintiff's motion should have been granted (*see, Klein v City of New York*, 89 NY2d 833, 834-835; *Casabianca v Port Auth.*, 237 AD2d 112, 113). Concur—Mazzarelli, J. P., Andrias, Wallach, Saxe and Buckley, JJ. [As amended by unpublished order entered May 22, 2001.]