■ GAIL L. (ABBY) VOGEL, Respondent, v BLADE CONTRACTING, INC., et al., Appellants. (And a Third-Party Action.) [740 NYS2d 209] —Order, Supreme Court, New York County (Paula Omansky, J.), entered March 19, 2001, which, inter alia, granted plaintiff's cross motion for partial summary judgment on the issue of liability and granted the motion of defendant St. Vincent's Hospital and Medical Center of New York for summary judgment on its claim for contractual indemnification against defendant Van Bulk Construction, Inc., unanimously affirmed, without costs.

The court properly granted plaintiff's cross motion for partial summary judgment on the issue of liability. It is evident that the affidavits in support of plaintiff's cross motion by plaintiff and her witness, Russell Beal, are both based on personal knowledge, not mere speculation or surmise (*cf., Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 342; *Di Sabato v Soffes*, 9 AD2d 297, 301). Defendants' contention that Beal failed expressly to state that he "saw" the events that he described was not presented to the motion court, and will not be considered for the first time on appeal since the issue could have been obviated by a supplemental submission by plaintiff in the motion court (*see, First Intl. Bank of Israel v Blankstein & Son*, 59 NY2d 436, 447). In any event, it is evident from the

circumstances set forth in the affidavit that Beal did, in fact, see the events described therein. Beal's status as plaintiff's roommate does not sufficiently establish that their interests are united. Indeed, defendants have raised no issue as to plaintiff's or Beal's credibility (*compare, Vitiello v Mayrich Constr. Corp.*, 255 AD2d 182). We note, moreover, that, even had plaintiff been the sole witness to the accident, summary judgment as to liability would still have been appropriate. Plaintiff in her affidavit made out a prima facie case of liability for negligence against defendants and defendants did not, in response thereto, come forward with evidence raising a triable issue (*see, Klein v City of New York*, 89 NY2d 833; *see also, Franco v Jemal*, 280 AD2d 409). The affidavit of defendant Van Bulk Construction, Inc. employee, Steven Wiley, did not materially conflict with plaintiff's submissions.

Also correct was the grant of contractual indemnification in favor of St. Vincent's as against defendant Van Bulk. The contract between Blade Contracting, Inc., the general contractor, and Van Bulk, the subcontractor, expressly states that Van Bulk will indemnify owner St. Vincent's. Plainly then, St. Vincent's was a third-party beneficiary of that indemnification provision, the parties' intention to assure St. Vincent's of indemnification having been not merely clearly implied, but expressly stated (*see generally, Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777; *New York Tel. Co. v Gulf Oil Corp.*, 203 AD2d 26, 27). Concur—Buckley, J.P., Wallach, Rubin, Friedman and Marlow, JJ.