■ Joseph Caraciolo et al., Respondents, v 800 Second Avenue Condominium, Appellant. [743 NYS2d 8] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered July 9, 2001, which granted plaintiffs' motion for summary judgment on liability on the second cause of action in the complaint and denied defendant's cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiffs Joseph Caraciolo (Caraciolo) and his wife, Lisette Caraciolo, brought this action against defendant, 800 Second Avenue Condominium, the owner of a Manhattan apartment building where Caraciolo worked as a building engineer and where he was injured as a result of a fall from a ladder attached to the building's roof-top water tank. At the time of his fall, Caraciolo was employed by the building's managing agent C.B. Richard Ellis (Ellis).

On May 17, 1999, an alarm connected to the building's water tank sounded, indicating a possible malfunction. The tank was connected to the building's fire sprinkler system, and a malfunction in the tank could leave the building vulnerable to fire. Part of Caraciolo's duties, as one of the building's engineers, was to maintain the water levels in the tanks through pumps in the basement. In the 10 years he had been employed in the building, the water tank alarm had never before gone off. Caraciolo went to the roof and climbed the ladder attached to the water tank to investigate the cause of the alarm. He ascertained that the water level was too high, covering the electrical wires, controls and floats inside the tank. He

determined that he should go to the basement in order to drain the excess water. As he was descending the tank's ladder, one or more of the bolts that held the ladder in place came loose, causing the ladder to move suddenly and Caraciolo to fall approximately 15 feet to the roof below, resulting in his injuries.

The amended complaint includes four causes of action against defendant. The first is for damages for Caraciolo's injuries based on common-law negligence; the second is for the same injuries but premised on an alleged violation of section 240 (1) of the Labor Law, known as New York's "Scaffolding Law"; the third is also for Caraciolo's injuries based upon defendant's alleged failure to provide a safe work environment in violation of section 200 of the Labor Law as well as New York State and federal occupational safety regulations; the fourth is a derivative cause of action by Mrs. Caraciolo for loss of her husband's services resulting from his injuries. Plaintiffs' motion for summary judgment dealt only with the second cause of action premised upon section 240 (1) of the Labor Law. Defendant's cross motion sought dismissal of the entire complaint. Supreme Court's order granted plaintiffs' motion and denied defendant's cross motion, at least with respect to plaintiffs' second cause of action, without addressing defendant's contentions regarding the three remaining causes of action.

Section 240 (1) of the Labor Law imposes absolute liability on building owners (other than owners of one- and two-family dwellings) and their agents for injuries resulting from faulty ladders, scaffolding and other similar devices used in "the erection, demolition, repairing, altering, painting, cleaning or pointing" of their buildings. (*Melo v Consolidated Edison Co.*, 92 NY2d 909; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Beckford v City of New York*, 261 AD2d 158.)

Defendant contends that Caraciolo was not engaged in repair or any of the other activities specified in section 240 (1) when he fell from the water tank ladder and suffered his injuries, but only in the performance of routine maintenance, and that, therefore, section 240 (1) does not apply (*see, Smith v Shell Oil Co.*, 85 NY2d 1000, 1002; *Rowlett v Great S. Bay Assoc.*, 237 AD2d 183, *lv denied* 90 NY2d 809).

Defendant's contention is rejected. The water tank was clearly a part of the building within the meaning of section 240 (1) (*see, Franco v Jemal*, 280 AD2d 409; *Sprague v Peckham Materials Corp.*, 240 AD2d 392). Caraciolo climbed the water tank ladder in response to an alarm, which indicated that something had gone awry requiring repair. This was not rou-

tine maintenance of the water tank, which the evidence demonstrated consisted of periodic oiling of the tank controls. Inspection of an integral part of the building in furtherance of repairing an apparent malfunction is, in our view, clearly within the scope of the activities covered by section 240 (1) of the Labor Law (*Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972; *Craft v Clark Trading Corp.*, 257 AD2d 886 [3d Dept 1999]).

Defendant's reliance on *Martinez v City of New York* (93 NY2d 322) is misplaced. The plaintiff in *Martinez* was an environmental inspector whose job it was to inspect the premises to determine the presence of asbestos in advance of any possible corrective measures. Unlike Caraciolo, Martinez was not engaged in the investigation of a possible malfunction of an integral part of the building incident to a necessary repair. Rather, plaintiff's inspection there was a self-contained, preliminary procedure to identify the presence of a hazardous substance. As the Court of Appeals explained, any future work that plaintiff's inspection might indicate would be required would not be performed by plaintiff or plaintiff's employer, and, thus, Martinez was "not a person 'employed' to carry out the repairs as that term is used" in section 240 (1) (*Martinez*, 93 NY2d at 326, quoting *Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108, 1109).

While the court did not explicitly deal with the defendant's motion for summary judgment on the remaining causes of action, we view that as a denial of those portions. In light of our holding on the Labor Law § 240 (1) order, no extended discussion of the other portions of the motion is required. The record shows sufficient questions of fact concerning the remaining causes of action to warrant denial of summary judgment. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.