■ Louis Peluso, Appellant, v 69 Tiemann Owners Corp., Respondent. [755 NYS2d 17] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered February 15, 2002, which, inter alia, granted defendant's motion for summary judgment dismissing plaintiff's second and third causes of action, unanimously modified, on the law, to deny the motion dismissing the third cause of action alleging a violation of Labor Law § 200 and to reinstate that cause, and otherwise affirmed, without costs.

The record establishes that a triable issue exists as to whether defendant had actual or constructive notice of unsafe conditions alleged to have caused plaintiff's fall (*see Higgins v 1790 Broadway Assoc.*, 261 AD2d 223, 225). In deposition testimony, principals of defendant corporation, as well as the superintendent of the building, acknowledged that the concrete floor in the elevator room where plaintiff was working when he tripped had at least two levels that were painted the same color, that the control panel for the elevator was mounted on a raised area, and that the panel could not be reached without stepping up onto the raised area. In addition, plaintiff testified that the elevator room was dimly lit.

The court, however, properly dismissed plaintiff's second cause of action alleging a violation of Labor Law § 241 (6). Liability under this statute is limited to accidents where the work being performed involves construction, excavation or demolition work (*DiBenedetto v Port Auth.*, 293 AD2d 399 [fall from crane fender]; *Quinlan v City of New York*, 293 AD2d 262

---

[patching hole in wall neither debris disposal nor demolition]).
The Industrial Code further defines what constitutes "construction, excavation or demolition" work in the context of the statute's stated scope (*Joblon v Solow*, 91 NY2d 457, 466). If the allegations or evidence demonstrate that the plaintiff was "not performing any of the tasks enumerated in part 23 of the Industrial Code," dismissal is clearly warranted (*Della Croce v City of New York*, 297 AD2d 257, 258 [fall from ladder while attaching bulletin board in subway station]). Routine maintenance activity is not within the ambit of section 241 (6) (*Jani v City of New York*, 284 AD2d 304 [mere replacement of worn-out component not a "repair" constituting "construction work"]). Construction work is further defined by regulation as "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures, whether or not such work is performed in proximate relation to a specific building or other structure" (12 NYCRR 23-1.4 [b] [13]). Examination of an electrical control panel in conjunction with adjusting an elevator that is not stopping level with the floor is not construction work for purposes of section 241 (6) (*cf. Jani v City of New York, supra*; *Molloy v 750 7th Ave. Assoc.*, 256 AD2d 61, 62; *accord, Spiteri v Chatwal Hotels*, 247 AD2d 297, 299). Here, plaintiff was examining the electrical control panel in the basement in an attempt to repair an elevator that was not stopping level with the floor, but was otherwise functioning. The repair work was being performed on the elevator, not on a building or other structure as required by both statute and regulation (*Long v Forest-Fehlhaber*, 55 NY2d 154; *DaBolt v Bethlehem Steel Corp.*, 92 AD2d 70, 73-74). This activity did not constitute significant work on the building within the meaning of section 241 (*Nagel v D & R Realty Corp.*, 99 NY2d 98; *Spiteri v Chatwal Hotels, supra*; *Sajta v Latham Four Partnership*, 282 AD2d 969, 970; *Scott v Scott's Landing*, 277 AD2d 918). Concur—Nardelli, J.P., Saxe, Buckley, Ellerin and Marlow, JJ.