■ ALONSO HERNANDEZ, Respondent, v 151 SULLIVAN TENANT CORP., Respondent, and JUMBO CONSTRUCTION CORP., Appellant, et al., Defendant. (And a Third-Party Action.) [762 NYS2d 603] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered April 10, 2002, which, to the extent appealed from as limited by the brief, granted plaintiff Alonso Hernandez's motion for partial summary judgment as to liability under Labor Law § 240 (1), and granted the cross motion of defendant owner 151 Sullivan Tenant Corp. for summary judgment upon its claim for contractual indemnification against defendant subcontractor Jumbo Construction Corp. (Jumbo), unanimously affirmed, without costs.

Plaintiff was severely injured when a hoist, to which he had attached the line from his safety harness, collapsed and dragged him over the side of a six-story building. The record contains unrefuted testimony that the counterweights had been removed from the hoist and that a "tie back" securing the hoist to the structure had either been removed or had failed when the hoist collapsed. It is uncontested that the hoist was not "so constructed, placed and operated as to give proper protection" to the injured worker in accordance with the command of Labor Law § 240 (1).

Inasmuch as defendant points to no immediate instruction to avoid an unsafe practice that plaintiff disobeyed, its attempt to portray him as a recalcitrant worker fails (*Laquidara v HRH Constr. Corp.*, 283 AD2d 169, 170 [2001], citing *Balthazar v Full Circle Constr. Corp.*, 268 AD2d 96, 99 [2000]). Nor is there any reasonable view of the evidence from which it might be

concluded that "plaintiff's actions were the sole proximate cause of his injuries" (*Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998]). Since plaintiff has established that the breach of duties imposed by Labor Law § 240 (1) was a proximate cause in bringing about the accident (*see Wasilewski v Museum of Modern Art*, 260 AD2d 271, 271-272 [1999]), plaintiff's act of securing his safety harness would amount, at most, to contributory negligence, which is not a defense to a Labor Law § 240 (1) claim (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521 [1985]).

Contractual indemnification in favor of the defendant owner against defendant subcontractor was properly granted. It is plain that the owner did not have control of the work in which plaintiff was engaged at the time of his accident and that the owner's liability is purely statutory. The subcontract expressly provides that Jumbo, as subcontractor, "shall indemnify and hold harmless the Owner * * * against claims * * * arising in connection with the Work, except where such claim * * * is due solely to the negligence of a party indemnified hereunder." The agreement clearly bestows an immediate benefit upon the owner (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336 [1983]), and the intent of the parties to benefit the owner is clear (*see Vogel v Blade Contr.*, 293 AD2d 376 [2002]). Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Friedman, JJ.