■ MOSES FLORES, Plaintiff, v THE LOWER EAST SIDE SERVICE CENTER, INC., Defendant and Third-Party Plaintiff-Appellant.

Procida Realty and Construction Corp., Third-Party Defendant-Respondent. [770 NYS2d 855]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered April 18, 2003, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment on its third-party action for indemnification and granted the cross motion to dismiss the third-party complaint, unanimously affirmed, without costs.

Since the damage plaintiff suffered to his right eye is not a "grave injury" under Workers' Compensation Law § 11 (see Ibarra v Equip. Control, 268 AD2d 13, 18 [2000]), defendant is unable to obtain indemnification from plaintiff's employer unless, prior to the accident, the parties entered into a written contract whereby the employer expressly agreed to contribute to or indemnify the claimant (cf. Acosta v Green Mgt. Corp., 267 AD2d 67 [1999]). It is undisputed that the contract defendant offered in support of its demand for indemnification was never signed. A contract that was not actually entered into before the occurrence of an accident is not available for indemnification against the employer, notwithstanding the latter's supervision, direction and control of the work site and its general compliance with the terms of the unexecuted contract (see Burke v Fisher Sixth Ave. Co., 287 AD2d 410 [2001]; Beckford v City of New York, 261 AD2d 158 [1999]). Concur—Nardelli, J.P., Andrias, Sullivan, Ellerin and Gonzalez, JJ.