■ Timothy Bruce, Respondent, v Fashion Square Associates et al., Appellants. [778 NYS2d 823]—

Appeal from an amended order of the Supreme Court, Erie

County (Joseph R. Glownia, J.), entered December 16, 2003. The amended order granted plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and denied defendants' cross motion for partial summary judgment dismissing the Labor Law § 200 claim.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell from a ladder after replacing the transformer on the HVAC unit on the roof of a building owned by defendant Fashion Square Associates and leased to defendant Jonmark Corporation (Jonmark). At the time of the accident plaintiff was employed by Triton Mechanical, Inc. (Triton). Supreme Court properly granted plaintiff's motion for partial summary judgment on Labor Law § 240 (1) liability. Plaintiff submitted proof establishing that he was repairing a malfunctioning HVAC unit within the meaning of the statute rather than performing routine maintenance (*see Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200, 201-202 [2002]; *Franco v Jemal*, 280 AD2d 409, 409-410 [2001]; *Holka v Mt. Mercy Academy*, 221 AD2d 949 [1995], *lv dismissed* 87 NY2d 1055 [1996]; *cf. Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]). The deposition testimony of Triton's general manager that he believed plaintiff was performing quarterly maintenance pursuant to a maintenance agreement between Triton and Jonmark is insufficient to raise a triable issue of fact. The general manager admitted that he had no personal knowledge of the circumstances of the accident, and his testimony constitutes speculation founded upon hearsay (*see Sullivan v Main Line Elec. Co.*, 301 AD2d 586, 587 [2003]; *see also Ticor Tit. Guar. Co. v Bajraktari*, 261 AD2d 156 [1999]). In any event, plaintiff submitted proof in admissible form establishing that the maintenance agreement was not in effect at the time of the accident.

The court also properly denied defendants' cross motion seeking partial summary judgment dismissing the Labor Law § 200 claim. Although plaintiff's own proof establishes that defendants did not direct or control plaintiff's work, defendants failed to meet their burden of establishing that they did not breach their duty to secure the safety of the work area (*see Piazza v Frank L. Ciminelli Constr. Co.*, 2 AD3d 1345, 1349 [2003]; *Luckern v Lyonsdale Energy Ltd. Partnership*, 281 AD2d 884, 885 [2001]). Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.