■ VICTOR ROMAN, Respondent, v HUDSON TELEGRAPH ASSOCIATES, Appellant, et al., Defendant. (And Other Actions.) [784 NYS2d 31]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 13, 2003, which, to the extent appealed from, granted plaintiff summary judgment under Labor Law § 240 (1), unanimously affirmed, without costs.

The ladder used by plaintiff, which was owned by his employer, failed in its "core objective" of preventing him from falling to the cement floor below (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). Inasmuch as defendant property owner presented no evidence to contradict the version of events testified to by plaintiff, the only inference to be drawn is that failure to provide plaintiff with a ladder adequate for its intended purpose was a proximate cause of his injuries (see Hernandez v 151 Sullivan Tenant Corp., 307 AD2d 207 [2003]). This failure is sufficient to establish liability under section 240 (1) (see Montalvo v J. Petrocelli Constr., 8 AD3d 173 [2004]). Concur—Buckley, P.J., Mazzarelli, Andrias, Marlow and Catterson, JJ.