(March 3, 2009)

■ Regiany Mauro et al., Respondents, v Rosedale Enterprises et al., Appellants. [873 NYS2d 627]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 5, 2008, which denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.

On an October evening in 2005, plaintiff Regiany Mauro sustained injuries in a Burger King parking lot. She was in the process of removing her son from the rear seat of the family vehicle when she stepped backward over a concrete curb, onto a grassy area she believed to be higher than it was. She lost her balance and fell, fracturing her foot.

Defendants established prima facie entitlement to summary relief by demonstrating that the condition of the curb and of the adjacent grassy area was readily observable by the reasonable use of one's senses (*Capozzi v Huhne*, 14 AD3d 474 [2005]; *see also Tushaj v City of New York*, 258 AD2d 283 [1999], *lv denied* 93 NY2d 818 [1999]). Plaintiffs in turn failed to demonstrate the existence of an actionable defect.

We need not determine whether the affidavit of plaintiffs' expert engineer should not have been considered in light of plaintiffs' failure to identify this expert during pretrial disclosure, despite repeated court orders to do so (*compare Construction by Singletree, Inc. v Lowe*, 55 AD3d 861 [2d Dept 2008], *and DeLeon v State of New York*, 22 AD3d 786, 787 [2d Dept 2005], *lv denied* 7 NY3d 701 [2006], *with Kozlowski v Alcan Aluminum Corp.*, 209 AD2d 930 [4th Dept 1994]; *see* Connors, *Case Law on CPLR 3101 [d] [1] [i], Expert Disclosure,*

*is in Shambles*, NYLJ, Jan. 20, 2009, at 3, col 1). The expert affidavit, even if considered, fails to raise a triable issue of fact, instead citing various broad or inapt engineering rules, regulations and standards (*see Amaya v Denihan Ownership Co., LLC*, 30 AD3d 327 [2006]). Concur—Tom, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.