Kehoe v 61 Broadway Owner LLC (2020 NY Slip Op 01391)





Kehoe v 61 Broadway Owner LLC


2020 NY Slip Op 01391


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


11147 153920/13

[*1] Thomas Kehoe, Jr., et al., Plaintiffs-Appellants-Respondents,
v
61 Broadway Owner LLC, et al., Defendants-Respondents-Appellants.
61 Broadway Owner LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
P.S. Marcato Elevator Company, Inc., et al., Third-Party Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Michael H. Zhu of counsel), for appellants-respondents.
Hannum Feretic Prendergast & Merlino, LLC, New York (Michael J. White of counsel), for respondents-appellants.
Wade Clark Mulcahy LLP, New York (Georgia G. Coats of counsel), for CEMD Elevator Corp., respondent.
Fullerton Beck, LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for P.S. Marcato Elevator Company, Inc., respondent.



Order, Supreme Court, New York County (James E. D'Auguste, J.), entered January 9, 2018, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on the Labor Law §§ 240(1) claim, granted defendants' motion for summary judgment dismissing the complaint, and denied defendants' motion for summary judgment on the contractual indemnification claim against third-party defendant P.S. Marcato Elevator Company, Inc., and dismissed the claims for contractual indemnification against Marcato and third-party defendant CEMD Elevator Corp. d/b/a City Elevator Company (City Elevator), unanimously modified, on the law, to deny defendants' motion as to the Labor Law §§ 240(1) claim as against defendant 61 Broadway Owner LLC and grant the motion as to the contractual indemnification claim against Marcato, and otherwise affirmed, without costs.
Plaintiff was allegedly injured when the pit ladder that he was ascending in an elevator shaft vibrated and caused him to fall about 20 feet to the floor of the shaft. The record demonstrates that the permanently affixed ladder was a safety device within the meaning of Labor Law § 240(1), as plaintiff was only able to access the elevator pit by ladder, and the ladder was "effectively furnished and operated ... within the meaning of the statute" as a safety device (Kirchner v BRC Human Servs. Corp., 224 AD2d 270, 271 [1st Dept 1996]; see Priestly v Montefiore Med. Center/Einstein Med. Ctr., 10 AD3d 493 [1st Dept 2004]; Spiteri v Chatwal Hotels, 247 AD2d 297, 298-299 [1st Dept 1998]).
However, while an unsecured ladder that moves or shifts constitutes a prima facie violation of Labor Law § 240(1) (Plywacz v 85 Broad St. LLC, 159 AD3d 543 [1st Dept 2018]), the ladder from which plaintiff fell was secured to the structure, and, other than allegedly [*2]vibrating, it did not move, shift or sway. Under the circumstances, an issue of fact exists whether the secured, permanently affixed ladder that allegedly vibrated provided proper protection for plaintiff.
The record demonstrates, contrary to defendants' contention, that at the time of his accident plaintiff was performing not routine maintenance but repair work, which falls within the protective ambit of Labor Law § 240(1) (see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 53 [2004]). The work in which plaintiff was engaged occurred over the course of weeks, if not longer, and its purpose was to correct the unguarded condition of traveling cables that caused the cables to strike other objects within the elevator shafts, which made noise that startled passengers and was causing damage to the cables. Plaintiff's supervisor testified that Marcato, his employer, would not have been doing the work to prevent the cables from striking objects in the shaft and causing damage if its functioning had not been problematic.
Defendants failed to establish that plaintiff was the sole proximate cause of his accident, as they submitted no evidence that plaintiff knew that he was supposed to use a harness for climbing ladders or that he disregarded "specific instructions" to do so (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004]). Further, to the extent the ladder failed to provide proper protection, plaintiff's failure to use a harness amounts at most to comparative negligence, which is not a defense to a Labor Law § 240(1) claim (Dos Santos v State of New York, 300 AD2d 434 [2d Dept 2002]). Plaintiff does not contest that defendants Broad Street Development LLC and Heyman Properties LLC were not owners or statutory agents, so we do not reinstate the Labor Law § 240(1) claim as against them.
61 Broadway Owner LLC is entitled to summary judgment on its contractual indemnification claim against Marcato. The contractual indemnification clause requires Marcato to indemnify 61 Broadway Owner for claims and damages arising out of, inter alia, Marcato's negligence or performance of the contract, to the full extent permitted by law, and is not void pursuant to General Obligations Law § 5-322.1 (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 208-209 [2008]). Plaintiff was injured while performing work in the course of his employment with Marcato. Contrary to Marcato's contention, there is no issue as to negligence on the part of 61 Broadway Owner; the motion court dismissed the common-law negligence and Labor Law § 200 claims against it, and Marcato did not appeal from that dismissal.
Defendants argue that they may be entitled to contractual indemnification from City Elevator and that their claim therefor should not be dismissed. However, the record shows that after City Elevator had completed modernization of the elevators, its work passed an inspection by the New York City Department of Buildings, which included examination of the pit ladders, and that it had not received any complaints about the ladders. Defendants failed to present evidence that "the cause of plaintiff's accident existed while [City Elevator] still had responsibility for the elevators, and that such cause should have been detected by [it]" (Karian v G & L Realty, LLC, 32 AD3d 261, 263 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK